**In re LONGDO.**

**No. 16313.**

District Court, N. D. New York.

July 28, 1930.

Reeder & Reeder, of Syracuse, N. Y., for bankrupt.

Harris H. Greene, of Syracuse, N. Y., for judgment creditor.

COOPER, District Judge.

The judgment creditor, Joseph Morello, recovered a judgment against the bankrupt on June 4, 1930, and two others in the sum of $7,585.75 in the Supreme Court of Onondaga County. Suit was in negligence, and there was no appearance by the defendant, and an inquest was had, resulting in the above judgment.

After the return of execution unsatisfied against the property, a body execution was issued against the bankrupt on June 4, 1930, and he was confined in the jail of the county under such execution.

The bankrupt filed his voluntary petition and was adjudged bankrupt on June 21, 1930. On the same day an order was issued by this court on the application of the bankrupt restraining the sheriff from further detaining him and directing his release from confinement under the body execution. Contained in such order was an order to show cause, returnable June 23, 1930, at Utica, why the injunction should not continue until the discharge of the bankrupt or until he was denied discharge. On the return of the order to show cause, judgment creditor moved to vacate the injunction order on the ground that the judgment was not dischargeable under bankruptcy, but was for such malicious injury to the person of the bankrupt as saved the judgment from discharge under section 17 of the Bankruptcy Law (11 USCA § 35).

The complaint herein was an ordinary complaint in negligence and charged no willful, wanton, or malicious acts on the part of

the defendants in that action, of whom the defendant was but one.

The proof showed the accident occurred at a street intersection in the city of Syracuse. The lights were in favor of the judgment creditor against the driver of the auto. There were various other autos which had halted because of the red light, but the auto in which the bankrupt was riding did not halt, but went across the street intersection against the light and struck the judgment creditor, causing the injuries from which he recovered. It was also decided that the automobile was going rapidly, but there was no testimony as to the rate of speed.

Even if it be assumed that there was a violation of statute or ordinance, such violation bears on the question of negligence, but has little or no bearing on the question of malice or willful injury. Nor does the testimony show that the defendant was actually driving the offending auto or had any control over its operation, nor any reason why the bankrupt should have any ill will toward the judgment creditor or even any acquaintance with him.

While malicious injury within section 17 of the Bankruptcy Law may arise without actual malice or ill will, crossing of street intersections against the red light at a time when the injured man was apparently invisible because of other waiting autos, and there was apparently no crowded street from which an unlawful and wanton disregard of the rights of others could be implied, and the evidence not indicating that any person was in sight who might be injured by crossing the intersection against the red light, there is nothing in this case to take it beyond the ordinary negligence case. The judgment is therefore dischargeable in bankruptcy, and the judgment creditor may not pursue his remedy by body execution, but must obtain his relief in the bankruptcy court by obtaining his distributive share of the bankrupt's estate.

The motion to continue the injunction is granted, and the motion to vacate it must be denied.