## WOODRUFF *vs.* McGEHEE.

1. When an agent makes a contract for his principal, but conceals the fact that he is an agent, contracting as if he were principal, the principal may at any time appear in his true character, and claim all the benefits of the contract from the other contracting party, so far as he can do so without injury to that other by the substitution of himself for his agent.

Action for Breach of Warranty and Non-suit, in Troup Superior Court. Decision by Judge BULL, at November Term, 1859.

This was an action brought by Michael Woodruff against John W. McGehee, to recover damages for the breach of a warranty of soundness of a horse sold by defendant to plaintiff. The declaration alleged that plaintiff purchased the horse, by his agent, William M. Lee, for the sum of two hundred dollars, and that defendant waranted said horse to be sound, whereas he was unsound and of no value.

Preliminary to the introduction of the paper or receipt containing the warranty, plaintiff read the answer of James N. Bethune to interrogatories, who deposed that "the purchase of the horse was made by Wm. M. Lee for Woodruff." Also, the answer of W. H. Griswold, as follows: "I do know of a horse purchased by Wm. M. Lee for plaintiff from defendant. Wm. M. Lee, as before said, purchased the horse for plaintiff at his request, Lee having engaged in the horse business, and being, as Woodruff thought, a judge of horses." Plaintiff further proved that the horse purchased by him as aforesaid was a sorrel horse. He then offered in evidence the following paper containing the warranty relied on, viz:

COLUMBUS, GA., April 1, 1857.

"Received of Wm. M. Lee, two hundred dollars for a sorrel horse, which I warrant sound on delivery.

(Signed)    JOHN W. McGEHEE."

To the introduction and reading of which in evidence counsel for defendant objected. After argument, the Court sustained the objection, and excluded the paper, and plaintiff excepted and assigns said ruling as error.

J. H. Goss, for plaintiff in erorr.

B. H. BIGHAM, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

The only reason assigned for the rejection of this warranty, is that it is made to the agent, the principal not being known in the transaction. But the authorities are express that the principal may claim all his rights, though not at first known, just as if he had been known, with the single limitation that the other party shall not lose any right which he would have against the agent if the agent were principal as he had first been supposed to be. *See Story on Agency, sec.* 418. The reason of the doctrine is, that it is but just that every man should have what really, though secretly, belongs to him, so far as he can obtain it *without injuring another* by appearing in his true character of owner. We think the action is maintainable in the name of the before unknown principal, and that the evidence ought to have been admitted.

Judgment reversed.