## HAMILTON & COMPANY *v.* MOORE.

There was no abuse of discretion by the trial court in denying a continuance. The evidence of general custom was admissible, and the verdict of the jury was not without evidence to support it. The superior court did not err in overruling the *certiorari*.

August 6, 1894.                                     *Judgment affirmed.*

*Certiorari.* Before Judge HENRY. Floyd superior court. September term, 1893.

Moore sued Hamilton & Co. for the value of a bale of cotton delivered to them as warehousemen, and which he claimed was destroyed by fire through their negligence, that they neglected to insure it as was their duty,

etc. On conflicting evidence plaintiff obtained a verdict in the justice's court, which was sustained on *certiorari*. The assignments of error were, in refusing to grant a continuance for the absence of Foster, a witness resident of the county, who had been subpœnaed; in admitting testimony that it was the custom of warehousemen to insure all cotton placed in their hands, over objection that this was incompetent, there being a special contract shown by the warehouse receipt; and that the verdict was contrary to law and evidence. As to the absent witness, one of defendants testified that Foster was not absent by his leave or consent, that he hoped to have him present at the next term, that the showing was not made for delay, that he knew only from hearsay what Foster would swear, saw him the day before and talked with him, but said nothing to him about the case, did not tell him it stood for trial on the next day, and never did talk to him about it. Plaintiff's attorney stated, that the case was continued from the previous term for Foster's absence, and asked that he be attached. Defendants' counsel objected to this, and stated that he would have Foster present at the next term.

The warehouse receipt was an acknowledgment of receipt of the cotton, "subject to this receipt only on paying customary charges and all advances (acts of providence and fire excepted)." Under the head of "charges," the receipt had several items, embracing weighing, insurance, etc. The only charge entered was opposite the word "weighing." At the top of the receipt were the words, "Insure your cotton." There was testimony for defendants, that it was the duty of the holder of the receipt to insure the cotton; and that this was the general custom among warehousemen.

HARPER HAMILTON and WRIGHTS & HARPER, for plaintiffs in error. G. A. H. HARRIS, *contra*.