## ZORN, for use, *v.* HANNAH & COMPANY.

1. A mere statement in a warehouse receipt, that "all cotton stored with us fully insured," will not alone constitute a contract between the parties, requiring the warehouseman to insure the cotton of his customer and rendering him liable for the value of the same when destroyed by fire.
2. The evidence authorized the verdict.  The alleged newly discovered evidence was not of a character which ought to produce a different result, and there was no error in overruling the motion for a new trial.

Argued October 17, — Decided November 26, 1898.

Complaint.  Before Judge Beck.  Upson superior court. February 16, 1898.

*S. N. Woodward, J. A. Cotten* and *Worrill & Lester,* for plaintiff.  *M. H. Sandwich* and *J. Y. Allen,* for defendants.

COBB, J.  Zorn, suing for the use of Adams & Company, alleged that Hannah & Company were indebted to him for the

value of four bales of cotton stored with the defendants as warehousemen, which were destroyed by fire by reason of the negligence of the defendants in placing certain cotton on the outside of their warehouse near a railroad-track.  Attached to the declaration were copies of receipts given for such cotton, the first of which was dated November 22, 1893, and was as follows: "Iron Warehouse.  G. W. T. Hannah & Company, proprietors.  Mark [4] No. [161] weight [450] P Marks [175] Rec. from A. M. Zorn one bale of cotton, marks, numbers, brands, etc., as margin, subject to the presentation of this receipt only on paying customary expenses and all advances. All cotton stored with us fully insured.  Acts of providence excepted.  [Signed] W. D. McKenzie, for the proprietors."

An amendment to the declaration, in effect, alleged that the receipt stated a contract between the parties, under which the defendants were bound to insure the cotton so stored, and that by reason of the failure so to insure the plaintiff had been damaged to the amount of the value of the cotton.  The case came to this court upon exceptions to the sustaining of a general demurrer to the declaration, and the judgment of the court below was reversed, it being then held that "the declaration, with or without the amendment, set forth a cause of action, and it was therefore error to dismiss the action on general demurrer." *Zorn* v. *Hannah*, 99 *Ga.* 634.  Subsequently when the case was called for trial the defendants made a motion to strike so much of the amendment to the declaration as related to the insurance clause in the cotton receipts.  This motion the court temporarily overruled, and at the conclusion of plaintiff's evidence sustained; and to this ruling the plaintiff excepted.  There was a verdict for the defendants, and plaintiff moved for a new trial on the grounds that the verdict was contrary to law and the evidence; that the court erred in sustaining the motion to strike, above referred to; and because of certain newly discovered evidence, which was, in substance, as follows: On the day of the fire there was cotton stored on the platform on the east end of the warehouse of the defendants.  There was cotton stored on the platform, from the door on the south side of the warehouse around to within a few feet of the door in the

east end of the warehouse, which east door was about the center of the building. At the time of the burning of the warehouse, there was stored inside of the warehouse about two hundred pounds of loose lint-cotton. The court overruled the motion for a new trial, and the movant excepted.

1. The effect of the ruling made in this case when the same was here before was, that under the allegations in the original petition there was a cause of action arising out of the failure on the part of the defendants to deliver to the plaintiff, upon demand, the property which had been stored with the defendants as warehousemen, and that under the allegations in the amendment there was a cause of action set forth, growing out of the negligent manner in which the warehousemen had lost the property of their customer. Whether the clause in the receipt, that "all cotton stored with us fully insured," stated a contract between the plaintiff and the defendants, by which the latter undertook to insure the cotton, was not passed upon by this court. This question, however, is now before us for decision. The petition as amended alleged that, "under the contract set out in the receipts set out in the original declaration, the defendants agreed to fully insure the cotton so stored, which they failed to do." This part of the petition was stricken by the court, and the ruling striking the same is made the basis of one of the assignments of error. It is necessary, therefore, to determine whether the sentence quoted, standing alone, was sufficient to constitute a contract between the parties, requiring the defendants to insure the cotton of the plaintiff. A warehouseman has an insurable interest in the goods of his customer which are stored with him, and he may insure the same in his own name and collect the full amount of the insurance, the balance, after paying all charges which he is entitled to collect, being held by him in trust for his customer. 28 Am. & Eng. Enc. L. 670. As a general rule, however, a warehouseman is not, solely on account of the relation existing between him and his customer, bound to insure the goods stored with him, and the obligation to insure arises only when there is an express contract to that effect, or when there is an existing custom which would become, under the principles of law, a part of every

contract entered into between the warehouseman and his cus-
tomers. *Hamilton & Company* v. *Moore*, 94 *Ga.* 707. There
is no allegation in the petition in the present case of the exist-
ence of a custom which would make the warehousemen liable
for a failure to insure, the contention being that the warehouse
receipt makes an express contract so to do. A warehouse re-
ceipt is ordinarily only evidence of a contract between the ware-
houseman and his customer that the former will, upon demand
and payment of storage fees, return to the latter the prop-
erty which has been stored with him. The paper containing
the warehouse receipt may also contain additional stipula-
tions, but such additional stipulations will not, in themselves,
amount to a contract, unless it appear that the terms stated were
agreed upon by the parties, and that there was sufficient consid-
eration moving them to the same. The mere statement that "all
cotton stored with us fully insured," is not sufficient to consti-
tute a contract to insure. These words may be misleading and
productive of damage, but they are not sufficient to constitute a
contract. If it had been alleged that there was in fact a contract
to insure entered into between the plaintiff and the defendant
in the case, and that the clause in the receipt was a mere mem-
orandum, the case would be different. The allegation in the
present case is that the words above quoted constitute a contract,
not that the plaintiff was misled by them and did not insure on
account of such statement, and in consequence loss resulted to
him from them as false representation. We do not think that
the words in themselves amount to a contract to insure, and hence
there was no error in striking that part of the petition which
alleged that the warehouse receipts alone contained a contract
on the part of the defendants to insure the plaintiff's cotton.

2. After striking from the declaration all allegations setting
up a special contract to insure, the declaration then stood as
setting forth a cause of action growing out of a failure on the
part of the warehousemen to exercise due care in preserving
the property of the customer in their charge. There was evidence
authorizing the jury to find that such care as the law required
had been exercised. The alleged newly discovered evidence
seems to be cumulative in its character of evidence introduced

on the trial; but even if this is not true, it is not of such a character as to authorize this court to control the discretion of the trial judge in overruling the motion for a new trial.

　Judgment affirmed. *All the Justices concurring, except Lumpkin, P. J., absent.*