## ATWATER *v.* HANNAH & COMPANY.

1. "A mere statement in a warehouse receipt, that 'all cotton stored with us fully insured,' will not alone constitute a contract between the parties, requiring the warehouseman to insure the cotton of his customer and rendering him liable for the value of the same when destroyed by fire."
2. The amendments to the petition were properly disallowed for the reason that each sought to set up a new and distinct cause of action.
3. The evidence authorized the verdict.  The showing as to diligence in reference to the alleged newly discovered evidence not being at all satisfactory, and there being no affidavit as to the character and credibility of the alleged new witness, the discretion of the trial judge in refusing to grant a new trial will not be controlled.

Argued November 18, — Decided December 12, 1902.

Complaint for damages.  Before Judge Roberts.  Upson superior court.  January 16, 1902.

*J. A. Cotten* and *Worrill & Ridgdill*, for plaintiff.
*M. H. Sandwich* and *J. Y. Allen*, for defendants.

COBB, J.   Atwater sued Hannah & Company, alleging in his petition, in substance, that the defendants were warehousemen and as such had received for plaintiff six bales of cotton, which they undertook, for a consideration, to safely keep and to deliver upon demand, but which they had failed to do, thereby becoming liable to plaintiff in a stated sum.   It was further alleged that defendants, in order to induce custom, had inserted in the warehouse receipts the following: "All cotton stored with us fully insured. Acts of Providence excepted."   It was averred that this statement was in the receipts given to plaintiff; that it constituted an agreement to insure; that plaintiff relied on it as an agreement to insure, and did not insure his cotton ; that the same was destroyed by fire ; and that therefore the defendants became liable to him as insurers for the value of the cotton.   It was also alleged that the loss of the cotton was due to the gross negligence of the defendants ; the petition setting out fully what was claimed to constitute the negligence, and laying damages in a stated sum.   The trial resulted in a verdict for the defendants, and the case is here upon a bill of exceptions assigning error upon the refusal to grant a new trial, and upon other rulings made pending the trial.

1.   The defendants filed a written demurrer upon the ground that there was a misjoinder of causes of action, in that the petition contained two counts, one sounding in contract and the other in tort.   There was also an oral motion to dismiss so much of the petition as related to the contract, on the ground that the same set forth no cause of action.   The court sustained the oral motion and struck all the averments of the petition seeking to charge the defendants with liability on account of the statement in the warehouse receipts above referred to.   Under the decision in *Zorn* v. *Hannah*, 106 *Ga.* 61, there was no error in this ruling.

2.   The plaintiff offered two amendments to his petition ; the first alleging, in substance, that prior to the time he stored his cotton with defendants he had a conversation with one of them, which, with the statement in the warehouse receipt, left him under the impression that his cotton was to be insured by defendants; that he acted on this impression and did not insure his cotton , that the statements of the defendant with whom he conversed and the statement in the receipts were false and fraudulent and intended to deceive, and did actually deceive him to his injury.   The sec-

ond amendment alleged that the conversation above referred to and the statement in the warehouse receipt constituted an express contract to insure on the part of the defendants, and having failed to so insure, they were liable for the value of the cotton. The court refused to allow either of these amendments. There was no error in these rulings. Even if the amendments were otherwise unobjectionable, they were properly disallowed, for the reason that they sought to set up new and distinct causes of action. It is by no means clear that the facts alleged in either amendment constituted a cause of action ; but if they did, the amendments were properly disallowed for the reason just stated.

3. The case went to the jury upon that portion of the petition which alleged liability on the ground that the defendants had not exercised that care which the law required of warehousemen. On this issue the evidence was in conflict, but there was evidence supporting the verdict. That ground of the motion for a new trial seeking a new trial on account of newly discovered evidence did not contain any affidavit as to the character and credibility of the alleged new witness. See Civil Code, § 5481. In addition to this, the showing as to diligence was not at all satisfactory. The discretion resting with trial judges in such cases was not by any means abused.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*