FARMERS GINNERY & MANUFACTURING CO. *v.* THRASHER *et al.*

ATKINSON, J. 1. Where a warehouseman for hire receives goods for storage, and, under an express contract or custom of trade, is under duty to insure them against loss by fire, if he commits a breach of duty imposed by the express contract or custom of trade, and his customers are damaged thereby, he will be liable.

2. If the warehouseman insures goods for his customers and collects money from the insurer for the loss of the goods, he will hold the fund so collected for the benefit of the insured customers or those who may have succeeded to their rights, subject to legitimate charges.

3. If at the time of the fire there be on storage goods of customers, some of which are insured and others not, and some of them, though not destroyed, are damaged and rendered incapable of identification, and in such condition they are sold by the warehouseman, the fund thus derived from the sale of the salvage will be held by the warehouseman for the benefit of all the owners of the goods, whether they be included among the insured or uninsured class.

4. Where two funds were raised in the manner indicated in the second and third headnotes, but were insufficient to cover the losses of all the parties at interest, an equitable suit at the instance of a number of the customers (of whom there was a large number) suing in behalf of themselves and others similarly situated, against the warehouseman for an accounting, was not subject to demurrer on the ground that it was multifarious or that there was a misjoinder of parties plaintiff.

5. If there were a breach of a duty to insure, by failure to insure for as much as the duty required, the warehouseman would be liable in damages to the insuring customers severally to the extent of the deficiency of the insurance.

6. As it would be necessary, in determining the amount of damages recoverable against the warehouseman by each customer for a breach of the duty to him to insure, to take into consideration the amount ap-

portionable to him under the accounting, equity will entertain one suit for an accounting with all the customers, and for individual recoveries of damages over and beyond the amounts apportioned to each of the customers under such accounting.

7. Where it appeared from the allegations of the petition, in a suit of the character mentioned in the preceding notes, that the duty to insure covered only a period of thirty days, commencing on the date of storage of the goods, it was erroneous to overrule a special demurrer complaining that the petition failed to allege the several dates on which the goods were stored.

8. In a suit of the character above stated, which was not founded on certain receipts issued by the warehouseman for the goods at the time they were received on storage, the petition was not demurrable on the ground that it failed to set forth the receipt in form or substance.

9. In such an action against a corporation, based on an alleged parol contract to procure insurance on the goods, the petition was not subject to special demurrer on the ground that it failed to allege the name of the agent of the corporation who made the contract.

10. There being no allegation that the defendant was insolvent, or had been guilty of any breach of duty relatively to the funds it was alleged to hold for the plaintiffs, or that it had ceased to exercise its franchise or conduct its business, or that there was danger of loss of the property, the petition did not allege grounds for the grant of injunction or appointment of a receiver.

*Judgment affirmed in part and reversed in part. All the Justices concur.*
OCTOBER 4, 1913.

Equitable petition. Before Judge Frank Park. Turner superior court. March 12, 1912.

*Perry, Foy & Monk* and *Hal Lawson,* for plaintiff in error.
*J. A. Comer* and *Crum & Jones,* contra.