5015.  ROCHELLE GIN AND COTTON COMPANY *v.* FISHER

RUSSELL, J. This case is controlled by the ruling of the Supreme Court in *Hamilton* v. *Moore*, 94 *Ga.* 707 (19 S. E. 993), and the trial judge did not err in refusing a new trial.

(*a*) The evidence was sufficient to prove the existence of a custom by virtue of which the defendant, as warehouseman, undertook to insure the cotton of its customers.

(*b*) The stipulation in the warehouse receipts delivered to the plaintiff by the defendant as warehouseman, that the cotton was "subject to the presentation of this receipt only, the paying of customary expenses and advances, acts of fire and Providence excepted," so far as the same related to "acts of fire and Providence," was subject to explanation and was controlled by proof of a custom universally recognized in the locality, and which consequently entered into the contract by virtue of which the defendant undertook to insure all cotton deposited in its warehouse.

(*c*) In the absence of timely and appropriate requests, directing attention to those features of the case as to which more specific instructions were

desired, the charge of the trial judge fairly presented the law applicable to the issues.

(*d*) The jury being authorized to find, from the evidence as to custom, that the defendant had agreed to insure the plaintiff's cotton stored in its warehouse, which was destroyed by fire, it was immaterial whether the defendant, in its settlement with the insurers of the cotton in its warehouse, acted in good faith and used good judgment in compromising any of the policies of insurance covering the cotton. The custom, if proved, became a part of the contract of bailment, and it thereby became the duty of the defendant, as warehouseman, to pay to the plaintiff the value of his cotton in case the cotton should be destroyed by fire while in the defendant's warehouse, even if the defendant had not protected itself by taking out insurance.

(*e*) Proof of negligence on the part of the defendant was not essential to a recovery by the plaintiff, and it is entirely immaterial, under the contract as proved by the plaintiff, whether the defendant was negligent or not. In the case of *Zorn* v. *Hannah*, 106 *Ga.* 61-64 (31 S. E. 797), proof of negligence was necessary because the negligence of the defendants was alleged to be, and was, the essential basis of the plaintiff's right to recover. That was a case in which the plaintiff was seeking to recover for the failure of the defendants to deliver cotton which, when demanded, could not be found in their warehouse, and the burden was upon the defendants to present such a reason for the disappearance of the cotton as would excuse their failure to deliver. In the present case there is no question as to the destruction of the cotton, and the only issue is whether the defendant had contracted to insure the plaintiff against loss in the event his cotton was destroyed by fire.

(*f*) In the case of *Atwater* v. *Hannah*, 116 *Ga.* 745 (42 S. E. 1007), as in the case at bar, the action was to recover for the loss of cotton deposited with warehousemen which was destroyed by fire, but from the ruling of the Supreme Court upon that portion of the warehouse receipt which related to the insurance of the cotton, and in which the Supreme Court held that "the mere statement in a warehouse receipt, 'all cotton stored with us fully insured,' will not alone constitute a contract . . requiring the warehouseman to insure the cotton of his customer and rendering him liable for the value of same when destroyed by fire," it is plainly inferable that the general rule that receipts are subject to explanation by parol was borne in mind; and consequently it must be held in the present case that the statement in the receipts accepted by the plaintiff not only did not furnish conclusive evidence of a contract relieving the warehouseman from liability for loss by fire, but that this statement would be of no effect in the face of satisfactory proof of a custom to the contrary which had become a part of the contract. There was sufficient testimony to authorize the jury to find that the custom was universal in the locality.        *Judgment affirmed.*

DECIDED OCTOBER 21, 1913.

Action for damages; from city court of Abbeville—Judge Nicholson. February 12, 1913.

*Max E. Land*, for plaintiff in error.

*Hill & Dennard, Hal Lawson*, contra.