10524.　PLANTERS GIN & WAREHOUSE CO. *v.* PITTS BANKING CO.

SMITH, J.　1. "When an agent makes a contract for his principal but conceals the fact that he is an agent, contracting as if he were principal, the principal may at any time appear in his true character, and claim all the benefits of the contract from the other contracting party, so far as he can do so without injury to that other by the substitution of himself for his agent." *Woodruff* v. *McGehee*, 30 *Ga.* 158. See also *Spain* v. *Beach*, 52 *Ga.* 494; *Watertown Steam Engine Co.* v. *Palmer*, 84 *Ga.* 368 (10 S. E. 969, 20 Am. St. R. 368); *Dodd Grocery Co.* v. *Postal Tel. Co.*, 112 *Ga.* 685, 688 (37 S. E. 981).

2. Where a warehouseman delivers to a purchaser several warehouse receipts which stipulate that certain cotton bought is subject to fixed and specified charges for ginning, bagging and ties, a ginner, who at the request of the owners stored such cotton, attaching to each bale a tag showing the charges due him, with the warehouseman, who is the agent of the ginner to collect these charges, may assert, in an effort to collect such charges from the purchaser, that it was the universal custom in that particular community for the owner of the cotton so stored, or the holder of the warehouse receipt, to pay the charges, due thereon at the time the cotton was sold or removed from the warehouse. See, in this connection, *Rochelle Gin & Cotton Co.* v. *Fisher*, 13 *Ga. App.* 621 (79 S. E. 584); *Farmers Ginnery &c. Co.* ". *Thrasher*, 144 *Ga.* 598 (2) (87 S. E. 804).

3. Where a ginner delivers to a warehouseman, alleged to be his duly constituted and appointed agent to collect certain ginner's charges, a number of bales of cotton, the property of various persons, and attached to each bale is a tag showing the charges due him, and the warehouseman, without first collecting the charges, delivers to a purchaser the cotton, together with a warehouse receipt containing a statement of these charges, and it is alleged that there was in that particular community a universal custom for the owner of the cotton so stored in a warehouse, or the holder of a warehouse receipt for such cotton, to pay the ginning charges when the cotton was sold or removed from the warehouse, which custom was well known to the purchaser at the time of becoming the owner of the cotton, and that the purchaser was fully aware that these charges had not been paid and the purchaser was bound to pay the same, but refused to do so after demand, although the purchaser had deducted and retained from the purchase-price of the cotton a sum sufficient to cover these charges, and not only recognized the ginner's claim but actually promised before receiving the cotton from the warehouse to pay the same, a petition against the purchaser, alleging the above facts in three separate and distinct counts and asking a recovery of the ginner's charges, set out a cause of action, and the trial judge erred in dismissing the suit on general demurrer.

　　　*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*
　　　　　　　DECIDED FEBRUARY 7, 1920.

Complaint; from Wilcox superior court—Judge Gower. March 29, 1919.

Application for certiorari was denied by the Supreme Court.

*M. B. Cannon,* for plaintiff. *Hal Lawson,* for defendant.