## 22748. WEEMS *v.* DESPORTES.

STEPHENS, J.   1. "The custom of any business or trade" which "is of such universal practice as to justify the conclusion that it became, by implication, a part of the contract" (Civil Code of 1910, § 1, par. 4) may be established as part of a written contract, where the custom is not in conflict or inconsistent with any of the provisions of the contract; and since the custom, by implication, becomes part of the contract and does not constitute a parol agreement or undertaking between the parties, it may be established as a part of the contract, notwithstanding a provision in the contract that all conditions and agreements between the parties thereto, "either oral or written," are contained in the contract.

2. Where in a retention-of-title contract for the sale of an automobile it is stated that the buyer has purchased the automobile for a certain sum of money, of which a part has been paid in cash and the rest is to be paid in a series of monthly installments, each in a designated amount, and an installment note is executed for the unpaid balance, that the purchaser is to keep the automobile insured against loss by fire, with insurance companies acceptable to the seller, in an amount not less than that owing under the contract and until the automobile is paid for, the insurance to be taken out for the protection of the seller and to be payable to the seller, that a named person not a party to the contract is

constituted the buyer's attorney in fact to adjust any loss arising under the insurance policy, collect the money, and apply it to the payment of the indebtedness due under the contract, and that "all conditions and agreements between the parties, either oral or written, with reference to the property sold" are contained in the contract, a general and universal custom of the business or trade among persons engaged in the business of selling automobiles, such as the seller, that, where automobiles are sold and the purchase-price is not fully paid there is included in the sum contracted to be paid as the purchase-price of the automobile a sum sufficient to pay the premiums upon the insurance required by the contract, that it has been the universal custom of the seller to transfer notes of this character which are taken for the purchase-price of automobiles, to the person named in this contract as the buyer's attorney in fact to adjust insurance losses and collect the money, and that the transferee would select the insurance company to write the policy, that it was the transferee's duty to obtain a policy of fire-insurance with the company selected by him in an amount required in the contract, that this was a universal custom in such transactions, that the transferee had, after purchasing notes of this character, in all cases followed this custom, this custom is not in conflict with any of the provisions of the contract. Where such custom obtained, it became by implication a part of the contract.

3. In a suit by the transferee of a note against the maker, a plea as amended, which alleges that the note was given as part of the contract described above, and which sets up the custom indicated, and alleges that the plaintiff bought the note with knowledge of this custom, and that by virtue of this custom the duty rested upon him to obtain the required insurance policy upon the automobile, that he failed to do this, that without the fault of the defendant the automobile was destroyed by fire, and that the plaintiff, by reason of his breach of the contract in failing to obtain the policy of insurance is indebted to the defendant in the amount of his loss by reason of the breach, set out a legal defense. See *Farmers Ginnery &c. Co.* v. *Thrasher*, 144 *Ga.* 598 (87 S. E. 804), s. c. 140 *Ga.* 669 (79 S. E. 474); *Branch* v. *Palmer*, 65 *Ga.* 210; *Rochelle Gin &c. Co.* v. *Fisher*, 13 *Ga. App.* 621 (79 S. E. 584). The plea otherwise set out no legal defense.

4. The court erred in striking the defendant's plea as amended, and in afterwards directing a verdict for the plaintiff.

*Judgment reversed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 26, 1933. REHEARING DENIED SEPTEMBER 30, 1933.

*G. Y. Harrell,* for plaintiff in error.   *Hatcher & Hatcher,* contra.