## In re PETERSEN.
### No. 35717.

District Court, E. D. New York.
Nov. 18, 1938.

412

, Henry H. Salzberg, of New York City, for judgment-creditor.

Jacob W. Gates, of New York City, for bankrupt.

GALSTON, District Judge.

The Elm Coal and Oil Corporation, a creditor of the bankrupt, seeks to vacate the ex parte order which restrains that corporation from collecting a judgment recovered against the bankrupt.

On or about January 8, 1936, the creditor obtained a judgment in the Municipal Court, Borough of Manhattan, against the Phideas Realty Corporation in the sum of $81.11, in an action for goods sold and delivered. Petersen and his wife were officers, directors and stockholders of the debtor corporation. An action was subsequently commenced by the creditor against Petersen and his wife based on an alleged fraudulent transfer and misappropriation of the assets of the Phideas Realty Corporation and after trial judgment was rendered in favor of the plaintiff, Elm Coal and Oil Corporation, the creditor herein.

The only asset of the Phideas Realty Corporation was an apartment house located in the Borough of the Bronx. Three days after the commencement of the action against the corporation the bankrupt and his wife caused the apartment house to be sold and received the sum of $1000. The money was distributed by the payment of $500 to a friend of the bankrupt, $250 to his mother-in-law, and the balance for counsel fees and franchise taxes, leaving no assets of the corporation available to creditors. Upon these facts the court rendered a decision in favor of the plaintiff against both defendants in the sum of $97.61. The recovery was had upon the first of four causes of action, which alleged that under Sec. 15 of the New York Stock Corporation Law (Consol.Laws, c. 59), the Phideas Realty Corporation had unlawfully transferred funds to the bankrupt and his wife. Clearly the payments made by the corporation controlled by the bankrupt and his wife were preferential and constituted misappropriation while acting in a fiduciary capacity. The judgment is, therefore, not dischargeable. See In re Bernard, 2 Cir., 87 F.2d 705; Central Hanover Bank & Trust Co. v. Herbst, 2 Cir., 93 F.2d 510, 114 A.L.R. 769.

The motion to vacate the restraining order is granted. Settle order on notice.