In the Matter of Supplementary Proceedings: INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Judgment Creditor, *v.* TERESA E. COVINGTON, Judgment Debtor.

Supreme Court, Special Term, New York County, April 13, 1939.

*Fertig, Walter & Gottesman* [*Samuel Gottesman* of counsel], for the judgment creditor.

*David C. Broderick,* for the judgment debtor.

McLAUGHLIN (CHARLES B.), J. This motion, brought on by order to show cause, is made for an order directing the judgment debtor, Teresa E. Covington, to submit to examination in supplementary proceedings pursuant to subpœna served upon the judgment debtor on September 9, 1938, and returnable on September 16, 1938. The judgment creditor herein is surety on the bond of the judgment debtor and has heretofore been compelled to make compensation to third parties for the latter's default.

On March 7, 1926, Henry W. Covington, the judgment debtor's husband, died intestate, leaving an estate consisting of stocks, bonds and cash and aggregating approximately $20,000. Thereafter the widow, Teresa E. Covington, was duly appointed administratrix of her deceased husband's estate. On March 16, 1926, the judgment creditor executed, delivered and became surety on a bond in the sum of $16,000 covering the judgment debtor in her capacity as administratrix. It appears from the papers submitted upon this motion that during the judgment debtor's term as administratrix

improper investments of moneys of the estate were made resulting in a substantial depletion of the assets thereof. Upon an accounting had in the Surrogate's Court of Bronx county, the administratrix was duly surcharged with the amounts by which the estate was lessened. Thereafter, by order of the same court, the surety's liability upon the bond was fixed. Execution was issued to the sheriff of New York county by Teresa E. Covington, as general guardian of Henry Wellons Covington, Jr., and Gloria Jane Covington, infant children of the deceased Henry W. Covington, against herself as administratrix of the goods, chattels and credits of Henry W. Covington, deceased, in the sum of $3,122.36, with interest from November 20, 1935, the date of the decree of the Surrogate's Court of Bronx county, which fixed the amounts found due and owing from the administratrix to the said infants. Said execution was returned unsatisfied. On April 26, 1937, a decree of the Surrogate's Court of Bronx county was duly entered fixing the liability of the surety on the official bond of the judgment debtor in her capacity as administratrix. In satisfaction of this adjudged liability and on or about May 1, 1937, the surety paid to Teresa E. Covington, as guardian of the two infant children of the deceased, the sum of $3,393. This amount represented the sum fixed by the decree of April 26, 1937, with interest to the date of payment. By this payment, according to well-settled principles of law, the surety became subrogated to the rights of the infants against Teresa E. Covington, the administratrix.

On May 6, 1938, the surety, in an action brought in the Supreme Court, New York county, duly recovered a judgment against Teresa E. Covington in the sum of $3,632.59. On September 9, 1938, the attorneys for the surety issued a subpœna in supplementary proceedings for the examination of the judgment debtor returnable at the Supreme Court, New York county, on September 16, 1938. Such subpœna was duly served upon the judgment debtor. On September 15, 1938, one day prior to the return date of said subpœna, the attorneys for the surety were served with a stay issued on September 14, 1938, out of the United States District Court for the Southern District of New York, staying the judgment creditor and its attorneys from taking any further steps to collect, except in bankruptcy, the judgment obtained by the surety, for a period of twelve months from the date of the adjudication in bankruptcy, or if within that time the bankrupt should apply for her discharge, then until the question of discharge should be determined. On May 5, 1938, the judgment debtor filed a voluntary petition in bankruptcy in the United States District Court for the Southern District of New York, and on the same date was adjudicated a

bankrupt. In her petition in bankruptcy the surety was listed as the only creditor of the judgment debtor. On September 14, 1938, the judgment debtor obtained a discharge from all her debts provable under the Bankruptcy Act. As the stay obtained in the Federal court is no longer operative, the judgment creditor now moves to have the judgment debtor submit to examination in supplementary proceedings pursuant to the subpœna issued on September 9, 1938.

Section 35 of the Bankruptcy Act (U. S. Code, tit. 11, § 35), in so far as is here pertinent, provides that: " A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as  *  *  *  (4) were created by his fraud, embezzlement, . misappropriation or defalcation while acting as an officer or in any fiduciary capacity."

In the matter now before the court it is apparent that the debt claimed to have been discharged by the adjudication in bankruptcy is one which was created by the defalcation of the judgment debtor while acting in a fiduciary capacity. In *City of Syracuse* v. *Roscoe* (66 Misc. 317, 327) Judge ANDREWS states that the " word ' defalcation ' does not necessarily imply any fraud or criminal act on the part of the person guilty of it. It has a wider meaning than the words ' fraud,' ' embezzlement ' or ' misappropriation.' It is a defalcation where a person fails to pay over public moneys for which he is properly accountable." In *England Loan Co.* v. *Campbell* (183 Ark. 49; 35 S. W. [2d] 75, 78) it was held that " An administrator acts in a fiduciary capacity, and, while no fraud or embezzlement is charged, the failure to account and pay over to his successor is a defalcation of an officer acting in a trust capacity within the meaning of the statutes quoted." In the latter case the statute under examination by the court was the very statute with which we are here concerned. In *Matter of Herbst* (22 F. Supp. 353, 354) it was held that a failure by a receiver to turn over a trust fund intact constituted a " defalcation " within the purview of section 35 of title 11 of the United States Code. The rulings of the Surrogate's Court of Bronx county establish, as matter of law, that a defalcation has here taken place. This defalcation, together with the fact that the judgment debtor was acting in a fiduciary capacity when the defalcation occurred, has the effect of bringing her within the compass of this statute.

It is argued on behalf of the judgment debtor that the judgment of the creditor herein is based upon a contract implied in law; and that a judgment or debt based upon a contract, express or implied, as an independent cause of action, is dischargeable.

Concededly the judgment previously obtained herein is one founded upon the express contract evidenced by the bond. Section

103 of title 11 of the United States Code lists the debts which may be proved and allowed against the bankrupt's estate. Subdivision (a), clause (4), of the same section states that a debt " founded upon an open account, or upon a contract express or implied," is so provable. From this, the judgment debtor argues that the contract which is the foundation of the judgment against her is, therefore, wiped out by her discharge in bankruptcy. Section 103 of the act, however, is to be read in conjunction with section 35 which limits its application. Section 35, as heretofore recited, constitutes an exception to the provision contained in section 103, subdivision (a), clause (4), in that debts created due to a defalcation occurring while the bankrupt occupied a fiduciary position are expressly excepted from discharge under the Bankruptcy Act. (*Brown* v. *Hannagan*, 210 Mass. 246; 96 N. E. 714; *Clarke* v. *Rogers*, 228 U. S. 534, 548; *Matter of Messmore*, 290 Penn. St. 107; 138 A. 81, 84.) In *Matter of Farrell* (152 Misc. 118) a trustee listed in an accounting proceeding moneys of the estate as having been " lost in bankruptcy," and claimed to be relieved of liability therefor because of his discharge. This contention was overruled and it was held that " the discharge did not constitute a bar to the right of any of the beneficiaries to claim a surcharge on the ground of fraud, negligence or other breach of trust."

The cases cited by the judgment debtor upon the theory of waiver (*Sanger Bros.* v. *Barrett*, [Tex. Civ. App.] 221 S. W. 1087; *Hartsfield Co.* v. *Newlin*, 47 Ga. App. 546; 176 S. E. 516; *Roth* v. *Pechin*, 260 Penn. St. 450; 103 A. 894; *Mumford* v. *Mechanics' Loan & Savings Co.*, 39 Ga. App. 204; 146 S. E. 654, and *Speir* v. *Westmoreland*, 40 Ga. App. 302; 149 S. E. 422) are readily distinguishable upon their facts. All of these cases are concerned with transactions which do not arise from defalcations occurring while the bankrupt was acting in a fiduciary capacity.

The motion is granted. Settle order.