KAUFMAN v. LEDERFINE et al.

Civil 17-126.

District Court, S. D. New York.

March 18, 1943.

Feiring & Bernstein, of New York City (Alexander H. Rockmore, of New York City, of counsel), for plaintiff.

J. Leonard Stoll, of New York City, for defendants.

BYERS, District Judge.

It is necessary to decide whether a judgment recovered by the plaintiff in this court, against each defendant in an action tried to a jury, is dischargeable in bankruptcy as to the defendant Murray Lederfine. He is a voluntary bankrupt and has pleaded his discharge as a special defense; the trustee has now moved to dismiss that defense in view of the verdict.

Whether this is the proper practice is relatively unimportant; the question is whether the debt is dischargeable, and it seems appropriate to decide that in connection with the judgment being entered on the verdict.

The plaintiff's cause is the violation of section 15 of the Stock Corporation Law of the State of New York, Consol.Laws c. 59, on the part of the two defendants, in that they, being the two active officers of Lederfine Bros., Inc., bankrupt, and the sole stockholders and functioning directors, were concerned in the making of payments to five creditors of the corporation when it was insolvent, to their knowledge, with the intent of giving a preference to those corporate creditors over others.

One of the creditors so preferred was the defendant Murray Lederfine, who received $1,360 in preferential payments, and so much of the judgment recovered by the plaintiff is conceded not to be dischargeable in his bankruptcy. In re Bernard, 2 Cir., 87 F.2d 705; Central Hanover B. & T. Co. v. Herbst, 2 Cir., 93 F.2d 510, 114 A. L.R. 769; In re Petersen, D.C., 25 F.Supp. 411.

With reference to so much of the judgment as represents recoveries by the trustee against these officers and directors for payments made to other creditors (four in number) but as to whom there is no evidence to indicate that the defendant Murray Lederfine profited in the financial sense, the question of dischargeability seems not to have been decided in this or any other federal court.

It will be recalled that section 17(4) of the Bankruptcy Act, 11 U.S.C.A. § 35(4), provides: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity; * * *."

The debt arising upon the judgment, so far as the other creditors are concerned, would seem to have been created by his misappropriation or defalcation while acting as an officer of the bankrupt corporation, within the letter of the Act, whether

or not he profited personally by the transaction. Two cases in the State courts cited by the plaintiff are to this effect:

City of Syracuse v. Roscoe, 66 Misc. 317, 123 N.Y.S. 403, 410, where Mr. Justice Andrews decided (see pages 326, 327) that a city treasurer whose accounts were short, but apparently not by reason of any misconduct of his own, could not successfully plead his discharge in bankruptcy against the debt thereby arising, in part "(b) because the debt was created by the defalcation of Mr. Roscoe while acting as a public officer. The word 'defalcation' does not necessarily imply any fraud or criminal act on the part of the person guilty of it. It has a wider meaning than the words 'fraud,' 'embezzlement,' or 'misappropriation.' It is a defalcation where a person fails to pay over public moneys for which he is properly accountable. Matter of Butts, D.C., 120 F. 966." The latter case does not touch the pending issue.

Indemnity Insurance Co. v. Covington, 172 Misc. 310, 14 N.Y.S.2d 683, 686. In this case a surety upon the bond of an administratrix, who had been surcharged, was granted an order to examine her in proceedings supplementary to a judgment recovered by the surety against her personally for the sum it had to pay to the beneficiaries of the estate resulting from the surcharge, in spite of her discharge in bankruptcy granted after the surcharge had been judicially determined. The court quoted the provision from the Bankruptcy Act appearing above, and cited the Roscoe case, supra, in determining that the word "defalcation" applied to the acts of the administratrix which resulted in the surcharge, thus:

"The rulings of the Surrogate's Court of Bronx County establish, as matter of law, that a defalcation has here taken place. This defalcation, together with the fact that the judgment debtor was acting in a fiduciary capacity when the defalcation occurred, has the effect of bringing her within the compass of this statute."

It does not appear whether the administratrix profited by the transactions which resulted in the surcharge and, in the absence of any statement to that effect, it may be assumed that no such condition was found.

While it is plausible to argue that the applicable section of the Bankruptcy Act was aimed at transactions from which the bankrupt derived a personal gain, as is indicated by the terms "embezzlement" and "misappropriation", when it is considered that defalcation has a wider meaning than misappropriation and may characterize a transaction in which there is a mere deficit resulting from misconduct, it would seem that this court should not restrict the apparent intent of the statute by adopting too strait a construction, in face of the clear purpose of section 15 of the Stock Corporation Law.

One who is acting in a fiduciary capacity can betray his duties with entire success, whether he himself profits by the betrayal or not.

Moreover it is of doubtful wisdom to adopt a construction of the statute which might encourage the giving of synthetic testimony by creditors who had been so preferred, having for its object the erection of a fictitious impediment to the enforcement of the statute.

It results from the foregoing that the trustee's motion to strike the special defense in the answer of Murray Lederfine must be granted, on the ground that the judgment in this case in its entirety is not dischargeable in his individual bankruptcy proceeding.

Settle order.