In the Matter of ABE N. ADELSON, Judgment Debtor.  PIERPONT
LEASING Co., INC., et al., Judgment Creditors.

Supreme Court, Special Term, New York County, July 11, 1946.

*Jack N. Blinkoff* and *Jacob L. Holtzmann* for judgment debtor.

*Eisman, Lee, Corn, Lewine & Sheftel* for judgment creditors.

EDER, J.  The applicant Adelson applies for an order pursuant to section 150 of the Debtor and Creditor Law for the cancellation and discharge of record of certain judgments recovered against him alleging his discharge in bankruptcy.  Certain creditors oppose upon the ground that the judgments are not affected by the discharge in bankruptcy in that the same were recovered on a debt created by the applicant's misappropriation or defalcation while acting as an officer and in a fiduciary capacity of the 680 Sixth Avenue Corporation and, hence, come within clause (4) of subdivision a of section 17 of the Bankruptcy Act (U. S. Code, tit. 11, § 35, subd. [a], cl. [4]) of debts not affected by a discharge.  Liability was asserted against the applicant based upon the claim that he, as an officer and director of the corporation, caused its funds to be paid out in violation of section 15 of our Stock Corporation Law, the making of pref-

erential payments to certain creditors of the corporation when the corporation was insolvent or its insolvency was imminent.

In the action of *Pierrepont Leasing Co.* v. *Continental Bank & Trust Co.* (Sup. Ct., N. Y. Co., July 1, 1938, CHURCH, J., Index No. 32951 — 1932) involving such feature, instituted in this court, the opposing creditors were awarded judgment against the corporation and the applicant Adelson. In that action the court made findings of fact, among them that preferential payments were made to certain creditors of the corporation with the intent to effect and actually effecting a preference to such creditors over other creditors of the corporation; that Adelson knew the corporation was unable to meet its obligations and also made preferential payments to its officers, directors and stockholders and that various payments were so made with the consent and under the direction of Adelson, and that certain payments were made by the corporation for the benefit of Adelson who was collaterally liable to the payees for the payments so made, and that such payments were indirect payments to Adelson.

Such acts and conduct of Adelson have been held to come within the meaning of the terms "misappropriation" and "defalcation" in said clause (4) of subdivision a of section 17 of the Bankruptcy Act (*In re Herbst,* 22 F. Supp. 353, affd. *sub nom. Central Hanover Bank & Trust Co.* v. *Herbst,* 93 F. 2d 510; *Bannon* v. *Knauss,* 57 Ohio App. 288).

The substance of these rulings is that the turning of corporate funds to a wrongful purpose or the use of funds by a fiduciary for a purpose other than proper, is a misappropriation or defalcation as those terms are used in the Bankruptcy Act and that the debt arising therefrom is not discharged by a release in bankruptcy. It was there further held that such terms are not confined to intentional acts in order to make the provisions of clause (4) of subdivision a of section 17 applicable. These views impress me as being logical and correct and I am disposed to agree with them.

It follows from this that the debts in question are not affected or released by the discharge of the applicant in bankruptcy, and the motion is accordingly denied as to the opposing creditors.

**Settle order.**