In the Matter of NATIONAL SURETY CORP., Plaintiff and Judgment Creditor, against PHILIP TOALE, Defendant and Judgment Debtor.

Municipal Court of the City of New York, Borough of Manhattan, December 20, 1946.

*Benjamin Feldstein* for plaintiff.

*Joseph L. Frieder* for defendant.

SCHWEITZER, J. The defendant was employed by the Burche Company from July 12, 1939, to October 31, 1939, in the capacity of an accountant or controller. As part of his duties he was charged with the receipt of certain funds and deposit of same to the credit of his employer. Shortages totaling $668.12 are alleged to have occurred in his accounts and claim was made by the employer-obligee of an indemnity bond executed by the plaintiff. The plaintiff as surety paid such amount to the employer and thereafter sought reimbursement from the defendant in conformance with the terms of the latter's agreement of indemnity.

The defendant in response to a letter from the plaintiff duly acknowledged his liability to the plaintiff in the amount aforementioned. In the same instrument the defendant included the following averments: " He alleges that he was not guilty of any dishonest act * * *. Realizing the difficulty and expense incident to successfully litigating this entire matter, he is willing to recognize a civil liability to National Surety Corporation of six hundred sixty-eight and 12/100 ($668.12) dollars reserving to himself, however, all rights and defenses that he may have against Burche Company * * *."

The stipulation further provided that the defendant was to pay the amount admitted to be due at various times, but only the sum of $10 was paid on account of the entire indebtedness. Thereafter suit was brought by the plaintiff on its fidelity bond and specifically upon the agreement of the defendant to indemnify the plaintiff for all payments made by it under the aforementioned bond arising out of the defendant's employment with the said Burche Company. An order was made granting summary judgment to the plaintiff and this order was affirmed by the Appellate Term, First Department, without opinion (N. Y. L. J., June 21, 1946, p. 2465, col. 5).

On October 22, 1946, the plaintiff secured an ex parte order garnisheeing the defendant's salary and the defendant seeks by this motion to vacate said order of garnishee on the ground

that the judgment was duly discharged in bankruptcy by an order of the United States District Court for the Eastern District of New York, dated June 28, 1946.

The plaintiff objects to the granting of the application on the ground that the judgment is based upon the fraud, conversion and misappropriation by the defendant of moneys alleged to have been obtained by him while acting in a fiduciary capacity and as such the judgment is not dischargeable under the provisions of the Bankruptcy Act. The issue is, therefore, squarely presented to this court as to whether or not the judgment in question is dischargeable under such act.

Clause (4) of subdivision a of section 63 of the Bankruptcy Act (U. S. Code, tit. 11, § 103, subd. [a], cl. [4]) provides that debts which arise on a contract, express or implied, may be proved in bankruptcy. Section 17 of the Bankruptcy Act (U. S. Code, tit. 11, § 35, subd. [a]) provides as follows: " A discharge in bankruptcy shall release a bankrupt from all of his provable debts  *  *  * except such as  *  *  * (2) are liabilities for obtaining  *  *  * property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another  *  *  * or (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity  *  *  *."

The original complaint was predicated upon a direct obligation entered into by this defendant wherein he agreed to indemnify this plaintiff against any loss which this plaintiff might sustain in consequence of its execution of a fidelity bond on behalf of the defendant. However, it is well established that the court may examine the entire record of the action in which the judgment was entered in order to determine if the debt, upon which the judgment is founded, is dischargeable in bankruptcy. (*Yackel* v. *Nys,* 258 App. Div. 318; *Bank of Williamsville* v. *Amherst Motor Sales, Inc.,* 234 App. Div. 261; *Matter of Barbery* v. *Cohen,* 183 App. Div. 424; *Belsey* v. *Deveraux,* 150 Misc. 337; *Matter of Benoit,* 124 App. Div. 142; *Maier* v. *Maier,* 77 Misc. 145; *Multiple Trading Corp.* v. *Saggese,* 178 Misc. 1077.)

A thorough examination of the record indicated that there is absolutely nothing in it to bring the debt within the purview of any of the exceptions stated in the Bankruptcy Act barring discharge. This is a simple action on a contract obligation predicated on a direct promise of indemnity. The record does not reveal any evidence that the original liability was predicated

either upon "willful and malicious injuries to * * * property" or upon the defendant's "fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity * * *." The plaintiff in effect is asking this court to indulge in inferences not justified by anything in the record and thus to conclude that the plaintiff sustained the loss because of a larceny committed by the defendant. This the court refuses to do. The actions of the defendant are just as consistent with an innocent and nonlarcenous loss as with a criminal defalcation. Actually the former conclusion is much more tenable in view of the defendant's unequivocal assertion of innocence. To sustain the plaintiff's position the court would necessarily be obliged to engage in an independent investigation to determine the facts and circumstances surrounding the loss. This would necessarily entail an inquiry far beyond the judgment and the record before the court and this it is neither authorized nor obliged to do. (*Multiple Trading Corp.* v. *Saggese, supra; Bronx County Trust Co.* v. *Cassin*, 170 Misc. 962.)

The cases cited by the plaintiff are readily distinguishable on their facts and in principle sustain the conclusions reached by the court. In *Jewish Kosher Provision Corp.* v. *Gottfried* (63 N. Y. S. 2d 160) the defendant's thefts from his employer were openly conceded to exist. This is a far cry from the facts in the instant case in which there was a definite disavowal of any theft whatsoever.

In *Indemnity Insurance Co. of North America* v. *Covington* (172 Misc. 310) the court correctly held that the judgment, predicated as it was on the defalcations of an administratrix, was not dischargeable. This relationship, which there existed, brought the case directly within the purview of the exceptions. The court there stated, at page 312: "In the matter now before the court it is apparent that the debt claimed to have been discharged by the adjudication in bankruptcy is one which was created by the defalcation of the judgment debtor while acting in a fiduciary capacity."

*Personal Finance Corporation of Waterbury* v. *Robinson* (27 N. Y. S. 2d 6) is patently inapplicable. There the plaintiff brought an action on a note and the defendant moved for summary judgment on the ground that the obligation had been discharged in bankruptcy. The proof, however, submitted to the court showed that the original obligation was incurred through false representations made by the defendant as to his financial condition, thus inducing the plaintiff to make the loan.

This fact obviously brings the case squarely within the classification precluding discharge of a debt incurred " by false pretenses or false representations ". (Bankruptcy Act, § 17, subd. a, cl. [2]; U. S. Code, tit. 11, § 35, subd. [a], cl. [2].)

The defendant's motion to vacate the ex parte order of garnishee is granted. Submit long form order incorporating therein a direction requiring the defendant's employer to turn over to the defendant all moneys deducted by such employer pursuant to the order of garnishee. (*Refrigeration & Air Conditioning Inst.* v. *Imperato,* 187 Misc. 405.)