Miles F. McDonald, J.
Motion for an order directing a discontinuance of further deductions by the City of New York from the salary of the above-named defendant made pursuant *166 to a garnishee order entered in the office of the Clerk of this court in September, 1957 effecting the same and for an order directing the Clerk of the County of Kings to cancel and discharge the record of the judgment of the plaintiff against the defendant in the sum of $1,167.74 on the ground that the said judgment has been discharged in bankruptcy, denied. The judgment sought to he cancelled was made and entered in this court on the 26th day of July, 1954 and resulted from an action instituted by the plaintiff against the defendant in equity to enjoin the denfendant from continuing certain unlawful acts detrimental to Mikro Building Specialties, Inc., a New York corporation, to impress a trust on the corporate assets in the possession of the defendant and for an accounting of the funds properly found to be due to the corporation and for money damages resulting from the defendant’s unlawful acts, and for other relief. All parties to this motion agree that the question of whether or not a judgment is dischargeable in bankruptcy is within the jurisdiction of this court and that the court must look beyond the judgment and determine the nature and character of the liability upon which the judgment was founded and may in this way determine the facts which form the basis of the judgment, but that the inquiry must be restricted to the record of the action resulting in the judgment (Matter of Proctor Securities Corp. v. Handler, 7 Misc 2d 9). The action which resulted in such judgment was tried before the Honorable Emil N. Baab, formerly a Justice of this court, then sitting as a Special Referee. In his decision, rendered after a full trial, the learned Referee found among other things: “ Toward the end of November 1953, defendant Kraus entered the hospital and returned from it around December 8th or 9th. Shortly thereafter he entered upon a course of arbitrary conduct by which he captured, or to put it more bluntly and appropriately, ‘ hijacked ’ the company. * * * During the périod of time that the defendant Kraus was in control of the corporation, roughly from about January 19th, 1954 on, he paid various sums from the corporation’s funds, including salary to himself, to his wife, rent for the use of the room in his home and several other items, all of which are detailed in the evidence. Except for the salary paid to himself, none of the items are properly chargeable to the corporation and the defendant Kraus must account for same.”
It is manifest from the aforesaid that said debt arose out of a breach of a fiduciary relationship which existed between the defendant and the corporate plaintiff. Judgments arising out of such misconduct are not dischargeable in bankruptcy (U. S. *167 Code, tit. 11, § 35, subd. [a], par. [4]) “ A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity”. (Matter of Adelson [Pierpont Leasing Co.], 187 Misc. 691; Matter of Patersen, 25 F. Supp. 411 [U. S. Dist. Ct., E. D. N. Y.]; Hartford Acc. & Ind. Co. v. Flanagan, 28 F. Supp. 415 [U. S. Dist. Ct., S. D. Ohio].)
Settle order.