## HOLBROOK, Bankrupt, In re.

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION.

No. 78238. Decided December 11, 1958.

Spieth, Bell & McCurdy, Cleveland, for Household Finance Corporation, Objecting Creditor.

Henry S. Golland, Cleveland, for bankrupt attorney.

### MEMORANDUM OF REFEREE

By Woods, Referee in Bankruptcy.

James Charles Holbrook of Columbia Station, Lorain County, Ohio, was adjudicated a bankrupt on September 10, 1957, and Marvin L. Gardner, of Cleveland, Ohio, was elected trustee at the First Meeting of Creditors on October 14, 1957.

Specifications of objections to discharge of bankrupt were filed by the Household Finance Corporation, a creditor, and at the hearing thereon decision on the objection was reserved, and briefs were filed.

The Specifications of objections to the discharge of bankrupt were on the ground that bankrupt had issued a false financial statement in writing as to his financial condition upon which credit was extended by said objector. The relevant statute, Section 14(c) of the Bankruptcy Act provides:

"The Court shall . . . discharge the applicant unless he has . . . (3) obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing, or causing to be made or published, in any manner whatsoever, a materially false statement in writing respecting his financial conditions;"

Bankrupt was a fireman employed by the Pennsylvania Railroad, and the financial statement relied upon was executed by bankrupt on November 14, 1956, in which bankrupt recited that he had debts of $6111.28, including a debt of $891.28 to Household Finance Corporation, objector, which last debt was a result of a former loan on July 11, 1956 to bankrupt.

The financial statement of November 14, 1956 is offered as objector's Exhibit 1, and on this objector relies in this proceeding, the prior loan of July 11, 1956 being offered as objector's Exhibit 2. At the hearing and in the brief of counsel for objector, it appears that bankrupt owed some $3869 in addition to the debts enumerated in Exhibit 1, and in each Exhibit is the statement in the handwriting of bankrupt that he had no other debts.

The objections of the Household Finance Corporation are based on the claim of a false financial statement, and the testimony concerns the loan shown in Exhibit 1.

Thus from the evidence at the hearing and Exhibit offered, it appears that the financial statement claim relied upon by objector was not a true financial statement of bankrupt. Also the evidence indicated, as shown by Exhibit 2 that objector had known of bankrupt's other debts, so in this situation the Finance Company claims it relied upon the faith of the financial statement when the Company had previous business with the bankrupt. As to the reliance of objector on the written statement of bankrupt, it should be noted that at the time of the last loan objector took a chattel mortgage on goods of bankrupt and a note for $1,000.00, and counsel for objector suggests that little importance can be placed on this since it is claimed to be a policy of the Company that they do not foreclose mortgages. So the whole question is again at issue presented in the discharge proceeding as to how much credence can be given to the claim of the objecting Finance Company, or the testimony of its officers and agents, that they were deceived by bankrupt who misstated his outstanding debts when securing a loan, although the Company had previous dealings with bankrupt.

The financial statements taken by officers of objector were by different individuals and different witnesses. Bankrupt and his wife both testified that at the signing of each statement they were told it was not necessary to show all debts, and bankrupt was asked to write in each statement, "I have no other debts," which he did. Officers of objector deny that any such conversation took place, and it is apparent that both bankrupt and wife knew that such written statement was not true.

With such conflicting testimony, what is the Court to do? Two witnesses on each side give conflicting testimony. Whether the bankrupt is guilty of falsification in his testimony is a question of fact. Objector claiming that he failed to show other debts, and falsified as to such other debts in applying for credit.

The cases hold that to prevent a discharge, a statement must be false and fraudulent and must be a materially false statement, and that is intentionally untrue. It was said in Re: Venturelle Co., 25 Fed. Sup. 332, 39 ABR ns 527 (D. C. Conn. 1938) affirmed 102 Fed. (2) 1022—that a materially false financial statement, on the ground of which a bankrupt's discharge may be denied, must be one the falsity of which is known to the bankrupt and must be made in an attempt to deceive.

In the briefs filed, counsel for both parties call attention to the Groscost case decided by this Referee, and reported in 230 Fed (2) 608 where the discharge was granted, and the higher Court confirmed such decision. Suffice to say that, the case at bar is not a clear-cut question as was there presented, for here there are two witnesses for each side of the controversy, each denying facts which are pertinent and should be decisive of the controversy.

In this situation the Referee must follow the rule which has been adopted in the Sixth Circuit in Re: Newman 126 (1942) Fed. (2) 336, where Circuit Judge Martin said the rule of this Circuit is that the right to a discharge in bankruptcy should be liberally construed, reversing the lower Court, and granting the discharge.

To the same effect is Re: Manufacturers' Trading Corporation

(1945) 149 Fed. (2) 108, which arose from Michigan, discharge was granted by the lower Court, and affirmed by Circuit Judge Simonds. We do not overlook the fact that the provisions for discharge are to be liberally construed. Although not in this Circuit, there is the recent case of Re: Supnick (1958) 160 Fed. 35, where a bankrupt was granted a discharge notwithstanding a false financial statement, and it was not proved that the creditor had relied on that statement.

The finding is that the Specification of Objection to the Discharge of Bankrupt be overruled and dismissed, and discharge granted.