### MAIER v. MAIER.

(Supreme Court, Appellate Term. June 14, 1912.)

1. BANKRUPTCY (§ 433½,* New. vol. 7 Key-No. Series)—DISCHARGE IN BANKRUPTCY—RELEASE OF JUDGMENT.

The court, on motion to cancel a judgment against one who has been discharged in bankruptcy, may look beyond the judgment to determine the character of the liability on which it was founded, and thereby determine whether the judgment is released, under Bankruptcy Act July 1. 1898, c. 541, § 17, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), as amended by Act Feb. 5, 1903, c. 487, § 5, 32 Stat. 798 (U. S. Comp. St. Supp. 1911, p. 1496), declaring that a discharge in bankruptcy shall not release a bankrupt from certain debts.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

2. BANKRUPTCY (§ 433½.* New. vol. 7 Key-No. Series)—DISCHARGE IN BANK-
RUPTCY—RELEASE OF JUDGMENT.

A judgment awarding alimony to a wife is not released by a discharge
of the judgment debtor in bankruptcy under Bankruptcy Act July 1,
1898. c. 541, § 17. 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), as amended
by Act Feb. 5. 1903. c. 487. § 5. 32 Stat. 798 (U. S. Comp. St. Supp. 1911,
p. 1496), declaring that a discharge in bankruptcy shall not release the
bankrupt from alimony due or to become due; and the mere fact that
the wife may have other remedies, which she may pursue in a state
court on the order awarding alimony. does not preclude her from ob-
jecting to the cancellation of the judgment.

Appeal from City Court of New York, Special Term.

Action by Leopoldine Maier against Friedrich Maier. From an
order of the City Court of the City of New York denying a motion
to cancel a judgment obtained by plaintiff against defendant, the lat-
ter appeals. Affirmed.

Argued June term, 1912, before SEABURY, LEHMAN, and BI-
JUR, JJ.

Henry E. Wilke. of Brooklyn, for appellant.

Hugo J. Stelzner, of New York City, for respondent.

SEABURY, J. The defendant appeals from an order denying a
motion to cancel a judgment obtained by the plaintiff against the de-
fendant. The application was made upon the ground that the defend-
ant had been discharged in bankruptcy more than one year prior to the
time of the application. The judgment was obtained for alimony due
to plaintiff, and was included in the schedules of debts filed by the de-
fendant. Section 17 of the Bankruptcy Act provides that:

"A discharge in bankruptcy shall release a bankrupt from all of his prov-
able debts. except such as * * * (2) are * * * for alimony due or to
become due, or for maintenance or support of wife or child."

The exception quoted above was included in the act by the amend-
ment of 1903. This amendment has been held to be merely declaratory
of the true meaning and sense of the statute as originally enacted.
Wetmore v. Markoe, 196 U. S. 68, 25 Sup. Ct. 172, 49 L. Ed. 390, 2
Ann. Cas. 265.

[1] While the judgment is prima facie evidence of a debt, the court
may look behind the judgment in order to discover its true character.
"The reason for this," says Mr. Loveland, "is that the judgment does
not change the nature of the liability." 1 Loveland on Bankruptcy,
p. 613. In Boynton v. Ball, 121 U. S. 457, 466, 7 Sup. Ct. 981, 983 (30
L. Ed. 985), the court said:

"But this court. to which this precise question is now presented for the
first time. is clearly of opinion that the debt on which this judgment was
rendered is the same debt that it was before; that notwithstanding the
change in its form from that of a simple contract debt, or unliquidated
claim, or whatever its character may have been, by merger into a judgment
of a court of record. it still remains the same debt on which the action was
brought in the state court, and the existence of which was provable in
bankruptcy."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] The fact that the plaintiff may have other remedies, which she may pursue in the state court upon the order awarding alimony, does not, as the appellant seems to assume, preclude the plaintiff from objecting to the cancellation of her judgment, upon the ground that the defendant has been discharged from his debts in bankruptcy. Whether or not the judgment should have been canceled depends upon the nature and character of the liability for which it was recovered, and by the express terms of the Bankruptcy Act the debt is not discharged. It follows that the motion was properly denied.

Order affirmed, with $10 costs and disbursements. All concur.