## In re BERNARD.

(Circuit Court of Appeals, Second Circuit.  March 27, 1922.)

### No. 251.

**I. Bankruptcy ⊙⟾31—Debt cannot be expunged from schedule, because not dischargeable.**

It is beyond the power of a court in bankruptcy to expunge from the debts scheduled by the bankrupt, as required by Bankruptcy Act, § 7 (8) being Comp. St. § 9591, a debt which would not be released by the discharge in bankruptcy.

⊙⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Bankruptcy ⊜404(1)—Order enjoining any future application for discharge from particular debt is beyond power of bankruptcy court.**

Under Bankruptcy Act, § 14 (Comp. St. § 9598), authorizing a bankrupt to apply for discharge, and section 17 (Comp. St. § 9601), providing such discharge shall release him from all provable debts and the prescribed form of discharge releasing him from all debts provable against his estate, it is beyond the power of a bankruptcy court to enjoin the bankrupt from applying in the future for a discharge as to a particular debt; but the question whether the debt is released by the discharge is one to be determined by the court before which an attempt is made to enforce the debt.

**3. Bankruptcy ⊜391(3)—Proceeding on a nondischargeable debt cannot be stayed.**

Under Bankruptcy Act, § 11 (Comp. St. § 9595), the stay of proceedings to enforce a scheduled debt or the lifting thereof is largely discretionary with the court; but proceedings on a plainly nondischargeable debt cannot be stayed.

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

In the matter of William Bernard, bankrupt. Petition by the bankrupt to revise an order (278 Fed. 734) expunging a debt from a schedule, permitting the creditor to proceed to collect the debt, and enjoining the bankrupt from applying for a discharge. Order reversed, without prejudice to further proceedings in respect of a stay.

Bernard filed a voluntary petition, and scheduled a debt to Frank et al. After adjudication, but before application for discharge, Frank moved in the District Court for an order "expunging from the schedules heretofore filed" the said debt due by Bernard to Frank. Before motion made the court had apparently issued the usual injunction or stay order under Bankruptcy Act, § 11a (Comp. St. § 9595), and the notice of motion asked also for an order permitting him "to proceed upon and enforce the collection of" said debt.

The court ordered: (1) That the debt so listed in Bernard's schedules be expunged therefrom; (2) that Frank et al. be permitted to proceed to attempt to collect said debt, and that all stays then existing against such suit or proceeding be abrogated; (3) that Bernard be enjoined from applying for a discharge from the debt so as aforesaid expunged. To this order Bernard filed this petition to revise.

Wilson E. Tipple and Tipple & Plitt, all of New York City, for bankrupt petitioner.

Milton P. Kupfer and Leo Oppenheimer, both of New York City, for creditors respondents.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

PER CURIAM. [1, 2] To expunge a debt or the statement of a debt from a bankrupt's schedules, and to enjoin him from applying for a discharge in respect of such debt, is a novel procedure, for which no authority has been produced. It is opposed to the theory of the Bankruptcy Act. The lower court evidently thought the debt not dischargeable, and for this reason entered the order above recited. But it is the duty of a bankrupt (section 7 [8], being Comp. St. § 9591) to file schedules containing "a list of his creditors," and one to whom he owes an undischargeable debt is as much a creditor as is one whose claim may be discharged under the act.

---

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

A bankrupt is lawfully entitled to apply for a discharge under section 14 (Comp. St. § 9598), and by section 17 (Comp. St. § 9601) such discharge shall release him "from all of his provable debts" with the exceptions there enumerated; and the prescribed form of discharge (No. 59) merely orders that the bankrupt "be discharged from all debts and claims which are made provable by said acts against his estate," etc. To strike out from a schedule what the bankrupt swears is a debt is a power nowhere given to the District Court, and by anticipatory order to prevent application for discharge in respect thereof is (1) an implied departure from the statutory procedure which contemplates a discharge in the form laid down by the Supreme Court; and (2) an assumption of power to declare what shall be the effect of a discharge which as pointed out in Re Havens (C. C. A.) 272 Fed. 975, is a function of the court in which any given claim or debt or demand is advanced, and not of the bankruptcy court. The latter tribunal issues the discharge; the effect thereof is to be passed upon in the court in which it may be pleaded.

[3] Thus the major and more important portions of the order complained of are erroneous and must be reversed. As to the stay or the lifting thereof, that under section 11 (and see Collier on section 11a) is largely discretionary. Proceedings on a plainly nondischargeable debt cannot be stayed; yet, where the question is debatable, a stay may be granted until the bankrupt shall have had a reasonable time within which to procure that discharge, which he must have in order to present to the proper tribunal the status of the debt in suit.

It is therefore directed that the order appealed from be reversed, with costs, without prejudice to any further proceedings in the court below in respect of a stay under section 11.