## In re MILLKOFSKY.

### No. 25431.

District Court, W. D. New York.

Dec. 3, 1936.

Maxwell I. Snider, of Rochester, N. Y., for petitioner.

Edward L. Cleary, of Rochester, N. Y., for judgment creditor.

RIPPEY, District Judge.

The petitioner was adjudicated bankrupt on September 11, 1936, and has not yet applied for a discharge. The judgment of the creditor opposing this application, in the sum of $129.75, is one of many listed in the bankrupt's schedules. It was obtained in the City Court of Rochester, N. Y., and a transcript thereof was docketed in the Monroe county clerk's office on June 6, 1932, together with an entry that the defendant was liable to an execution against his person. The action was brought for conversion, for assigning a conditional sales contract to other creditors, and judgment was taken by default. Numerous other judgments were taken against the bankrupt at about the same time, and he did not answer this action, being under the impression that only a money judgment was demanded in the complaint. An execution against his property was issued out of the county court on or about October 25, 1936, and returned unsatisfied. Now, petitioner believes, the attorney for the judgment creditor is about to apply for an execution against his person.

The judgment creditor contends that this debt is not dischargeable in bankruptcy and that therefore the issuance of execution against the bankrupt's person should not be enjoined. It does not follow, however, that because a defendant may be liable to

execution against his person, as he is under the state law when a judgment is recovered against him in an action "to recover damages for an injury to property, including the wrongful taking, detention or conversion of personal property" (Civil Practice Act N.Y. §§ 826, 764), he is barred from discharge in bankruptcy on such a liability, for under the Bankruptcy Act liabilities for injuries to the person or property of another are dischargeable only if the injuries are not willful and malicious (Bankr.Act § 17(2), 11 U.S.C.A. § 35(2). It has been repeatedly and authoritatively held that the fact that there has been obtained a judgment for conversion does not, of itself, prevent the debt from being discharged in bankruptcy. Davis v. Ætna Acceptance Company, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393; Brown v. Garey, 267 N.Y. 167, 196 N.E. 12, 98 A.L.R. 1449, and following annotation. If the conversion were willful and malicious, the liability therefor would not be dischargeable (McIntyre v. Kavanaugh, 242 U.S. 138, 37 S.Ct. 38, 61 L.Ed. 205), and an injunction against the issuance of body execution would not be granted.

For the purpose of determining whether the liability is such as would be dischargeable, consideration may be given to the entire record in the court where the judgment was obtained (Barbery v. Cohen, 183 App.Div. 424, 170 N.Y.S. 762), as well as facts appearing on the hearing. It appears that the petitioner had bought furniture from the judgment creditor at various times over a period of several years. He was, like many others, unable to withstand the depression, and all of his assets had been sold at a sheriff's sale at the time this judgment by default was taken. It is disputed as to whether there had been a consignment or a sale, but, in any event, it seems, upon the whole record before the court at this time, at least debatable, that this judgment would not be dischargeable in bankruptcy, and under those conditions a stay may be granted under section 11 of the Bankruptcy Act (11 U.S.C.A. § 29) until the bankrupt shall have had a reasonable time to procure a discharge. After that, decision as to the effect of the discharge is a function of the court in which procedure may be taken on the judgment. In re Bernard (C.C.A.) 280 F. 715.

The application for the restraining order must be granted.

So ordered.