## In re LOWE.
### No. 3764.

District Court, W. D. Kentucky, At Paducah.
Jan. 30, 1941.

A. Y. Martin and Jack E. Fisher, both of Paducah, Ky., for bankrupt.

Eaton & Eaton, of Paducah, Ky., for Mrs. Alma Lowe.

MILLER, District Judge.

Mrs. Alma Lowe, the former wife of the bankrupt, has filed objections to the discharge of the bankrupt. Although several grounds are specified, apparently only one is urged upon the Court, namely —that a judgment held by Mrs. Lowe in the amount of $1,450 is a liability of the bankrupt for obtaining money by false pretenses or for wilful and malicious injury to the property of another, and that under the provisions of Section 17 of the Bankruptcy Act, 11 U.S.C.A. § 35, this claim is not dischargeable in bankruptcy. The referee entered an order discharging the bankrupt but further provided that "this discharge shall not affect or bar the claim of Alma Lowe represented by her judgment for $1450.00 obtained in the Mc-Cracken Circuit Court prior to the 23d day of May, 1939." The bankrupt has petitioned for a review of that provision of the order.

The judgment obtained by Mrs. Lowe was in the McCracken Circuit Court upon a note executed by the bankrupt to her in the amount of $1,450. Mrs. Lowe claims that the consideration was the repayment to her of money which the bankrupt withdrew from her checking account without authority, and so testified in the state court action, although in that action the defense was really a plea of payment. The bankrupt claimed that the note was executed as a settlement of property and alimony claims when the parties became separated and was later cancelled by the parties becoming reconciled and returning to live together. In the hearing on the objections to the discharge in the bankruptcy proceedings, the bankrupt requested the right to introduce evidence which would prove that the note referred to was not a liability for obtaining money by false pretenses or for malicious injury to the property of another. The referee refused to receive this evidence and considered only the evidence presented in the trial of the case in the state court. Attorneys for both the bankrupt and the objecting creditors have vigorously briefed the question as to whether or not this action of the referee was erroneous, and also whether or not his ruling that the claim was not dischargeable in bankruptcy was erroneous. We are of the opinion that such questions are not properly presented in this proceeding and need not be decided.

The right to a discharge in bankruptcy and the effect of the discharge are wholly distinct propositions. Section 14 of the Bankruptcy Act, 11 U.S.C.A. § 32, fixes the right to a discharge, and Section 17 of the Bankruptcy Act, 11 U.S.C.A. § 35, states the effect of a discharge. The objecting creditor in the present case is trying to take advantage of the provisions of Section 17, when she should be proceeding under the provisions of Section 14. There is nothing in Section 14 which prevents the discharge of a bankrupt for the reasons claimed by the objecting creditor in this case. It may be true that her claim is not barred by the discharge which is obtained by the bankrupt and she can take proper steps to enforce it in subsequent proceedings in the state court; on the other hand, it may be a claim which is barred by the discharge in bankruptcy. It is not for the bankruptcy court to de-

termine in the bankruptcy proceedings whether a particular claim is discharged or not discharged by the bankruptcy proceedings. That is a matter for another court to determine when and if steps are taken by the particular creditor to enforce the claim under consideration. The discharge in bankruptcy does not adjudicate that question or prejudice in any way the later decision of that question by another court. In re Bernard, 2 Cir., 280 F. 715; Teubert v. Kessler, 3 Cir., 296 F. 472; In re Kolsrud, D.C.Minn, 34 F.2d 831; In re Andrews, D.C.Cal., 47 F.2d 949; In re Millkofsky, D.C.N.Y., 17 F.Supp. 127; In re Sutton, D.C.N.Y., 19 F.Supp. 892.

The court is therefore of the opinion that the referee's order is incorrect insofar as it attempted to decide whether or not the claim of Mrs. Alma Lowe was barred by the discharge in bankruptcy. The order is correct insofar as it grants the bankrupt his discharge. Accordingly, it should be modified so that it grants the discharge applied for and eliminates any ruling on the question of the claim of Mrs. Lowe. The petition to review is sustained and the referee's order is set aside and modified to the effect indicated.