### FRANCINE et al. v. BABAYAN.

### No. 952.

District Court, E. D. New York.

Jan. 2, 1942.

Louis Peck, of New York City (Abraham Buchman, of New York City, of counsel), for judgment-debtor.

Edward M. Fuller, of New York City, for judgment-creditors.

MOSCOWITZ, District Judge.

This is a motion by the judgment-debtor herein (the bankrupt) to vacate the order dated November 10, 1941 requiring the judgment-debtor to appear in supplementary proceedings to be examined concerning his property and income.

The judgment-debtor was adjudged a bankrupt in this Court in proceedings entitled In the Matter of Armen Babayan, also known as Armon Babyan, bankrupt, No. 40215, on January 2, 1941.

The judgment-creditors Anne Francine and Frank Bonacchini recovered judgments in this action for personal injuries due to the negligence of the judgment-debtor prior to the filing of the petition in bankruptcy.

On January 13, 1941, the usual restraining order was signed in the bankruptcy proceeding which enjoined the judgment-creditors from taking any steps to collect the judgments obtained until the question of the bankrupt's discharge is determined.

On February 24, 1941, the first meeting of creditors was held before the Referee. No creditors appeared. The bankrupt was examined and the hearing was closed.

On March 17, 1941, the bankrupt and his attorney appeared at the hearing before the Referee for the bankrupt's discharge at which time the attorney representing the judgment-creditors herein filed specifications of objections in which it was asserted that the bankrupt was not entitled to his discharge on the ground that he was guilty of a willful and malicious act. No evidence was adduced before the Referee in support of the objections.

▮ On June 19, 1941, the Referee made an order dismissing the specifications of objections and granting the bankrupt's discharge. The Referee could not and did not determine whether the judgments were dischargeable in bankruptcy. All the Referee could do was to grant the discharge only of such debts that were dischargeable in bankruptcy. See In re Colao, D.C., 10 F.Supp. 406. A discharge in bankruptcy can only affect such debts that are dischargeable under the Bankruptcy Law. Whether or not a claim is dischargeable in bankruptcy after the order of discharge has been made is not to be determined by the bankruptcy Court but by the Court in which the judgment was obtained, therefore the Referee could not and did not determine the question whether or not the debts were dischargeable in bankruptcy. Such question should be determined in this action in which the judgments were obtained.

The Bankruptcy Law, Title 11 U.S.C.A. § 35, provides that debts or liabilities for willful and malicious injuries are not dischargeable in bankruptcy. The pertinent portion of said Section 35, Title 11 U.S.C.A. is as follows: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for * * * willful and malicious injuries to the person or property of another."

▮ The action which resulted in the judgments herein was brought for personal injuries sustained by the judgment-creditors by reason of the negligent operation of an automobile by the judgment-debtor, the bankrupt. There is a difference between injuries due to negligence and willful and malicious injuries. See Tinker v. Colwell, 193 U.S. 473, 24 S.Ct. 505, 48 L. Ed. 754; In re Longdo, D.C., 45 F.2d 246; In re Vena, D.C., 46 F.2d 81.

Upon the facts in this case the Court cannot find that the accident was the result of willful and malicious injury. If the Court were permitted to do moral justice instead of legal justice it would refuse to discharge the bankrupt of the judgments. There are too many accidents resulting in judgments which are wiped out in bankruptcy. The practice has grown up wherein a person will negligently operate his automobile and then when a judgment for such injuries is filed against him, will obtain the protection of the Bankruptcy Law by filing a voluntary petition in bankruptcy as in this case, but this Court is powerless to afford any protection to the victims of these negligent operators of automobiles. Operators of automobiles may drive in a careless and negligent manner and go unscathed of justice by filing a petition in bankruptcy. Many a person has been maimed and seriously injured and could obtain no relief for the negligent operation of the automobile which caused the injuries by reason of the protection afforded such operators under the Bankruptcy Law. Instance after instance can be pointed out of the injustice that is done to the victims of automobile accidents by virtue of the Bankruptcy Law. The remedy is not with the Court. It is unfortunate that this Court is compelled to grant the motion of the judgment-debtor.

Motion granted. Settle order on notice.