MULTIPLE TRADING · CORPORATION, Plaintiff, *v.* BERTA SAGGESE and EDILIZIA, INC., Defendants.

Supreme Court, Special Term, New York County, September 16, 1942.

*Benjamin Levitas*, for the plaintiff.

*Ernest M. Garbe*, for the defendants.

NULL, J. The defendant Berta Saggese, moves for an order under section 150 of the Debtor and Creditor Law, to direct the cancellation and discharge of record of a certain judgment recovered by plaintiff against her. The defendant was adjudicated a bankrupt on February 3, 1939, and was discharged in bankruptcy on December 20, 1940. The judgment to which this application is directed was included in the schedules filed by the defendant in the bankruptcy proceedings and in her discharge in bankruptcy.

There is objection to the relief requested by the motion, on the ground that the cause of action on which plaintiff procured the judgment was tainted by defendant's fraud or false representations and hence not dischargeable in bankruptcy, pursuant to section 17 of the Bankruptcy Act. (U. S. Code, tit. 11, § 35.) The court may go behind the judgment to ascertain whether it may be cancelled and discharged. (*Maier* v. *Maier*, 77 Misc. 145.) Nor is the discharge of the debt in bankruptcy binding upon the court, for it has the independent duty of determining whether its judgments shall be cancelled and discharged.

To what extent the court may be warranted in inquiring into the facts upon which the judgment was predicated, was discussed in *Matter of Benoit* (124 App. Div. 142). In that case, it was held that while the form of the action is not conclusive, it must appear from the record that the action was one of the causes for which no discharge may be granted. Judgments, founded on causes of action which by their nature suggest the commission of acts which may bar a discharge in bankruptcy, warrant inquiry into the underlying facts. (*Belsey* v. *Deveraux*, 150 Misc. 337.)

The complaint in the action here under consideration was in simple contract. It was a suit based on the guaranty of a bond. There is nothing in its form or substance which identifies it with any act which may prevent a discharge in bankruptcy. The plaintiff, however, points to certain collateral actions and proceedings from which the court is urged to determine that the

defendant, Berta Saggese, alone or in association with others, committed frauds upon the plaintiff. To do so would require an examination into facts and circumstances affecting actions and judgments relating to various transactions in which the parties apparently were engaged. The court cannot undertake such a review. The inquiry must be restricted to the record of the action under challenge. (*Matter of Benoit, supra.*)

Neither the pleadings, the judgment, the record of the action, nor any fact related to them, disclose that the defendant Berta Saggese committed any act in the action which would bar the discharge and cancellation in bankruptcy of the judgment founded upon it. Accordingly, the motion is granted. Settle order.