Samuel A. Spiegel, J.
Plaintiff sues defendant for fraud in obtaining a loan for which defendant executed a promissory note. The defendant listed plaintiff’s claim in his schedule in the United States District Court, Eastern District, New York, in bankruptcy proceedings wherein he filed a petition on the 29th day of December, 1964, and was discharged as a bankrupt on the 26th day of February, 1965. Thereafter, on the 28th day of July, 1965, this action was instituted against the defendant. The plaintiff presented evidence to this court that in the defendant’s application submitted to plaintiff for a loan on August 25, 1964, defendant omitted to list many pre-existing debts and one judgment. The testimony indicates that due to the omission of these obligations the plaintiff was misled into approving this loan, and, further, had these obligations been shown the loan would never have been approved. Subsequent to this loan, the defendant listed all of these pre-existing debts in his bankruptcy schedule.
Plaintiff contends that it relied on the defendant’s application and was deceived into extending him credit and that the loan was thereby fraudulently obtained by the defendant. In addition, plaintiff asserts that this loan is not dischargeable in *940 bankruptcy and that it has a right to proceed and to prevail in this court.
Many questions arise, including whether the plaintiff is estopped from proceeding in this court because it did not take appropriate action to oppose the discharge of the defendant in the Bankruptcy Court. Does the Civil Court have jurisdiction to award a judgment after the Federal court has discharged the defendant as a bankrupt based on a petition which included this claim? Does the Civil Court have jurisdiction concurrent with the Federal court to entertain an action disputing the dischargeability of the debt? Does any right exist to institute suit in any court for the payment of this debt after the discharge is granted? What is the remedy of the creditor of the bankrupt who attempted in Bankruptcy Court to discharge an alleged fraudulently created obligation? May a creditor who alleges he has been so defrauded institute suit in the State court, or as a condition precedent must he have opposed the discharge in bankruptcy? Must the relief sought herein be in the Federal court prior to the time that the bankrupt is discharged or can ■ the State court exercise jurisdiction after the discharge in bankruptcy?
Subdivision (a) of section 17 of the Bankruptcy Act, as amended (U. S. Code, tit. 11, § 35, subd. [a]) reads in part as follows: “ A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations ”. It is clear by this section that a discharge in bankruptcy will not release a bankrupt from liability, if he obtained money by a false representation or by false pretenses.
However, is the Civil Court the proper forum for such a claim? On the surface, it would appear that since jurisdiction of bankruptcy proceedings is in the Federal court, any claim against a discharged bankrupt should be made in that court.
At first blush, it would also appear that the plaintiff may have waived its rights to bring an action in the Civil Court if it did not oppose the discharge in the Bankruptcy Court.
The court, in its independent research, finds that the questions posed herein involve many interesting viewpoints advanced by various courts throughout the United States. In the case of Schwartz v. Horowitz (131 F. 2d 506) the Circuit Court of Appeals reversed an order in bankruptcy in the District Court, Southern District, New York, which issued an order restraining the State court from proceeding with a chose in action against the bankrupt. This case decided the proposition that a State *941 court in an in personam action against obligors could not be enjoined by a bankruptcy court wherein, after commencement of the State court action, the bankruptcy trustee sued obligors on the claims, on the theory that the action was against a bankrupt and could be enjoined under a Bankruptcy Act provision relating to staying all actions. The Bankruptcy Act, the court held, is intended to protect bankrupts against liabilities from which they will be discharged. (Bankruptcy Act, § 11, subd. [a]; U. S. Code, tit. 11, § 29, subd. [a].)
Collier’s Bankruptcy Manual (1965 ed.) on pages 160 to 161, concerning stay of pending suits, states:
“ The power of the federal courts to stay state court proceedings has always been limited, except in the field of bankruptcy. In the administration of the bankrupt’s estate the power to stay certain suits against the bankrupt is necessary to implement and give effect to the purposes of the Act and to allow the bankrupt to obtain his discharge.
“ * * * The stay of suits pending in other courts against the bankrupt at the time of the filing of the petition, provided for in § 11a, is primarily for the benefit of the bankrupt, that he may avoid being harassed in both courts at the same time with regard to the same debt. The power created under § 2a(15), on the other hand, is to be used by the courts of bankruptcy in staying proceedings which will primarily effect the bankrupt’s estate and its administration or custody. (Matter of S. W. Straus & Co., Inc. [D. C., N. Y.], 24 Am. B. R. [N. S.] 349, 6 F. Supp. 547.”
Further, “ Section 11a provides that a suit may be stayed which ‘ is founded upon a claim from which a discharge would be a release.’ This dischargeability of the debt, as covered by § 17 of the Act, is made the basis of jurisdiction and there should be no stay granted unless the debt or claim involved will be discharged under the provisions of the Act, even though the claimant is listed as a creditor in the bankrupt’s schedule.” (Collier, Bankruptcy Manual, p. 162.) It is therefore obvious that the purpose of the stay is to prevent the harassment of a bankrupt or the dissipation of his assets. A stay cannot be obtained for a debt which is not dischargeable, or where a discharge is even debatable. Thus, one could not be available to the bankrupt, in the case at bar, before, during, or after his bankruptcy petition had been filed.
Does the Bankruptcy Court have exclusive jurisdiction over a debt which is listed in the bankrupt’s petition, as in the case at bar? The answer is no. Courts have said in this connection that the right to a discharge and its effect ‘ ‘ are wholly distinct *942 propositions.” In Matter of Lowe (36 F. Supp. 772) the court said: “Section 14 of the Bankruptcy Act, 11 U. S. C. A. § 32, fixes the right to a discharge, and Section 17 of the Bankruptcy Act, 11 U. S. C. A. § 35, states the effect of a discharge. * * * There is nothing in Section 14 which prevents the discharge of a bankrupt * * *. It may be true that her claim is not barred by the discharge which is obtained by the bankrupt and she can take proper steps to enforce it in subsequent proceedings in the state court; on the other hand, it may be a claim which is barred by the discharge in bankruptcy. It is not for the bankruptcy court to determine in the bankruptcy proceedings ivhether a particular claim is discharged or not discharged by the bankruptcy proceedings. That is a matter for another court to determine when and if steps are taken by the particular creditor to enforce the claim under consideration. The discharge in bankruptcy does not adjudicate that question or prejudice in any way the later decision of that question by another court. In re Bernard, 2 Cir., 280 F. 715; Teubert v. Kessler, 3 Cir., 296 F. 472; In re Kolsrud, D. C. Minn. 34 F. 2d 831; In re Andrews, D. C. Cal., 47 F. 2d 949; In re Millkofsky, D. C. N. Y., 17 F. Supp. 127; In re Sutton, D. C. N. Y., 19 F. Supp. 892.” (Italics supplied.)
Collier’s Bankruptcy Manual on page 302, dealing with section 23 of the Bankruptcy Act, indicates that the Bankruptcy Court and the District Court classify jurisdictional questions in two categories: “ (1) those dealing with the bankruptcy court’s power to adjudicate all matters relating to the administration of the bankrupt’s estate and the property in the court’s possession, and (2) the jurisdiction of federal district courts sitting either as district courts at law or in equity or as courts of bankruptcy over independent suits brought by the bankruptcy receiver or trustee against third persons concerning property not in the possession of the bankruptcy court.” In the first instance, the cases dealing with the property in the court’s possession are classified “Jurisdiction of Bankruptcy Court in Summary Proceedings ”. The second type of cases, where property is not in the possession of the Bankruptcy Court, are “ Jurisdiction of Federal Courts in Plenary Actions.”
Summary proceeding and plenary suit differ in many respects, and it is important to point out that proceedings before a Referee in Bankruptcy are always summary. The Referee has no jurisdiction over a plenary action. In Central Republic Bank & Trust Co. v. Caldwell (58 F. 2d 721, 731-732 [C. C. A. 8th]) the court said: ‘‘ The main characteristic differences between *943 a summary proceeding and a plenary suit are: the former is based upon petition, and proceeds without formal pleadings; the latter proceeds upon formal pleadings. In the former, the necessary parties are cited in by order to show cause; in the latter, formal summons brings in the parties other than the plaintiff. In the former, short time notice of hearing is fixed by the court; in the latter, time for pleading and hearing is fixed by statute or by rule of court. In the former, the hearing is quite generally upon affidavits; in the latter, examination of witnesses is the usual method. In the former, the hearing is sometimes ex parte; in the latter, a full hearing is had.” While these differences are not rigid, nevertheless the proceeding before the Beferee in Bankruptcy is more of a summary nature. The plenary suit is the regular, ordinary civil action, with summons, with formal pleadings, full trial, judgment and other attendant formalities. (Matter of Midtown Contr. Co. [C. A. 2d], 243 F. 56, cert. den. 245 U. S. 654.) An action by a creditor who seeks to enforce an obligation against a bankrupt is a plenary suit, where a full hearing should be had. This can be accomplished only in a State court. In the instant case no property is in the possession of the Bankruptcy Court and a plenary suit is required.
The right to a discharge and the effect of a discharge are two entirely distinct and different matters. In the case of Matter of Scandiffio (63 F. Supp. 264, 265) the court held that a bankrupt is required:
“to file schedules containing a list of his creditors (Bankruptcy Act, Section 7(8), 11 U. S. C. A. § 25(8) and one to whom he owed an undischargeable debt is as much a creditor as is one whose claim may be discharged under the Act. In re Bernard, 2 Cir., 1922, 280 F. 715. By direction of the statute, the bankruptcy court is to grant a discharge unless there is a showing that the bankrupt has committed one of the acts specified in Section 14, sub. c. Willoughby v. Jamison, 8 Cir., 1939, 103 F. 2d 821, certiorari denied 308 U. S. 588, 60 S. Ct. 111, 84 L. Ed. 492; In re Masor, 7 Cir. 1941, 117 F. 2d 368; In re Lovich, 2 Cir., 1941, 117 F. 2d 612, 133 A. L. R. 673; In re Milne, D. C., N. J., 1941, 40 F. Supp. 89; In re Venturella, D. C. Conn. 1938, 25 F. Supp. 332, affirmed 2 Cir., 1939, 102 F. 2d 1022.
“ The right to a discharge and the effect of a discharge are two entirely distinct and different matters. Whether or not the discharge which is to be granted will be a bar to the enforcement of a claim which comes within the purview of Section 17 [as in the case at bar] is to be decided at the time and in the *944 proceeding in which that claim is sought to be enforced and is not the concern of the bankruptcy courts. In re Bernard, supra; Teubert v. Kessler, 3 Cir., 1924, 296 F. 472; In re Cosmopolitan Bond & Mortgage Co., 7 Cir., 1935, 79 F. 2d 547, certiorari denied 296 U. S. 657, 56 S. Ct. 382, 80 L. Ed. 468; In re Andrews, D. C. Cal. 1930, 47 F. 2d 949; In re Millkofsky, D. C. N. Y., 1936, 17 F. Supp. 127; In re Sutton, D. C. N. Y. 1937, 19 F. Supp. 892; In re Lowe, D. C. Ky. 1941, 36 F. Supp. 772; In re Anthony, D. C. Ill. 1941, 42 F. Supp. 312; see, also, this court’s opinions In re McCarthy, 1942, 45 F. Supp. 323; Francine v. Babayan, 1942, 45 F. Supp. 321.”
Again, the court held, in the case of Matter of Marshall Paper Co. (102 F. 872, 874 [C. C. A. 1st, 1900]) that'“ The right to a discharge, and its effect, are wholly distinct propositions.”
It is interesting to note that the courts have made a distinction in a proceeding where a judgment has been obtained and one in which the case is still pending. In several proceedings brought in the State court, despite the discharge in bankruptcy, various interesting conclusions were reached. In the case of Matter of National Sur. Corp. v. Toale (188 Misc. 359, 361) the court, in a decision on a motion to vacate an ex parte garnishee order to which the defense was that the debt for which the judgment had been obtained was discharged in bankruptcy, said that, where a judgment has been obtained, “ the court may examine the' entire record of the action in which the judgment was entered in order to determine if the debt, upon which the judgment is founded, is dischargeable in bankruptcy. (Yackel v. Nys, 258 App. Div. 318; Bank of Williamsville v. Amherst Motor Sales, Inc., 234 App. Div. 261; Barbery v. Cohen, 183 App. Div. 424; Belsey v. Deveraux, 150 Misc. 337; Matter of Benoit, 124 App. Div. 142; Maier v. Maier, 77 Misc. 145; Multiple Trading Corp. v. Saggese, 178 Misc. 1077.” In that case, the court found from examination of the facts that the discharge was effective and did not come within the purview of the exceptions to the discharge and granted the motion to vacate the garnishment.
In Personal Finance Corp. of Waterbury v. Robinson (27 N. Y. S. 2d 6) the bankrupt made a motion for summary judgment. He was sued upon a note and his defense was a discharge in bankruptcy. The proof submitted to the court showed that the original obligation was incurred through false representations made by defendant as to his financial condition, thus inducing the plaintiff to make the loan. The court in that case held that it had the right to look into the nature of the claim *945 and to the facts surrounding said claim to determine whether it was discharged in bankruptcy or was not dischargeable under section 17. The court in the case of Personal Finance Corp. of Waterbury v. Robinson (supra, pp. 8-9) stated the following:
1 ‘ In cases where the claim has not been reduced to judgment the allegations contained in the pleadings are not conclusive. As was said in Brown v. Garey, 267 N. Y. 167, at page 169, 196 N. E. 12, at page 13, 98 A. L. B. 1449: 1 The court must examine the circumstances of each particular case and say whether it finds among them the elements which the law has come to accept as badges of willfulness and legal malice.’ The question was specifically passed upon in Argali v. Jacobs, 87 N. Y. 110, 41 Am. Rep. 357. There, as in the case at bar, an action was brought upon a promissory note and no fraud was alleged in the complaint. The answer, as here, set up as an affirmative defense, a discharge in bankruptcy. Upon the trial the plaintiff was permitted to give evidence tending to show that his debt was ‘ created by the fraud of the bankrupt,’ which was the wording of the statute at that time. The appellate court held this to be proper and affirmed the judgment for the plaintiff, saying at page 113 of 87 N. Y.: ‘ But it is further contended on the part of the defendants that the plaintiff cannot have the benefit of the limitation contained in the act of 1867, because he did not base his cause of action upon the alleged fraud, but upon the promissory notes, making no allusion to the fraud in his complaint. It is not provided that no cause of action for fraud shall be discharged, but that “ no debt created by fraud ” shall be discharged. These promissory notes were debts of the defendants, and the plaintiff was induced by the fraud of the defendants to sell goods to them and take their notes therefor, and hence these debts were created by their fraud within the meaning of the Bankrupt Act. It was not needful that the plaintiff should allege the fraud in his complaint. It was no part of his cause of action. It was needful only for him to prove it, not as part of his cause of action, but as an answer to the affirmative defense set up.’
“ A similar decision was reached in Frey v. Torrey, 70 App. Div. 166, 75 N. Y. S. 40, affirmed 175 N. Y. 501, 67 N. E. 1082, subsequently overruled on other grounds in Tindle v. Birkett, 183 N. Y. 267, 76 N. E. 25, affirmed 205 U. S. 183, 27 S. Ct. 493, 51 L. Ed. 762, on the authority of Crawford v. Burke, 195 U. S. 176, 25 S. Ct. 9, 49 L. Ed. 147. In this case the court said at page 171 of 70 App. Div., at page 43 of 75 N. Y. S.: ‘ The claimant may sue on contract, and if the discharge in bankruptcy *946 be pleaded he may, in rebuttal, show that the debt was created by fraud, not to change his cause of action from contract to fraud, but to prevent its being barred by the discharge in bankruptcy. ’ ”
Accordingly, where the bankrupt is sued upon a debt, a discharge in bankruptcy is a defense which must be affirmatively pleaded by him. Where a judgment is involved, and bankruptcy is pleaded as a bar to collection, the court can examine only the record upon which the judgment was obtained in order to ascertain if the debt upon which the judgment was obtained was dis-chargeable in bankruptcy. On the other hand, where a judgment has not been obtained yet, the creditor has a right at a trial to set forth all the facts which Avould prove its contention to the court that the debt was not dischargeable in bankruptcy.
In Matter of Proctor Securities Corp. v. Handler (7 Misc 2d 9), a supplementary proceeding Avas instituted to examine the judgment debtor in the Supreme Court. The motion was made to vacate the order directing examination of the judgment debtor on the ground that the judgment was discharged in bankruptcy. The court held (p. 10):
‘ ‘ A judgment creditor has the burden of showing that the judgment is not dischargeable in bankruptcy. (Tompkins v. Williams, 137 App. Div. 521, 522, affd. 206 N. Y. 744.)
“ The court may look beyond the judgment to determine the nature of the liability or debt and may investigate the facts which form the basis of the judgment. (Belsey v. Deveraux, 150 Misc. 337; Maier v. Maier, 77 Misc. 145.) The inquiry must be restricted to the record of the action under challenge. (Matter of Benoit, 124 App. Div. 142; Multiple Trading Corp. v. Saggese, 178 Misc. 1077.) The inquiry then is whether the judgment roll shoAvs that the judgment is based on a claim that is not dischargeable in bankruptcy. (Matter of Paley, 260 App. Div. 632, affd. 285 N. Y. 641; Hanan v. Long, 150 App. Div. 327.) If it does not clearly appear from the record that the fraud which was alleged in the action on which the judgment in the case at bar is based, was the gist and gravamen of the action, then the judgment is one which is dischargeable (Matter of Benoit, supra). In order to determine whether the judgment is dischargeable, the nature and character of the liability on which the judgment was founded must first be determined (Maier v. Maier, supra). The court is not precluded by the form of the action, nor even the allegations of the complaint; resort may be had to the entire record to determine the wrongful character of the act (Matter of Barbery v. Cohen, 183 App. Div. 424, 427).”
*947 The court in that case found that the fraud and the deceit of the judgment debtor were not the gist and gravamen of the action and that the creditor failed to establish that the judgment was based on a liability which came within the exceptions specified in section 17 of the Bankruptcy Act. Accordingly the judgment was dischargeable in bankruptcy, and the motion was granted. Other leading cases on the significance of a discharge in bankruptcy are: Matter of Barber (140 F. 2d 727 [C. C. A. 3d, 1944]); United States ex rel. Houlberg v. McQuade (4 F. Supp. 104 [U. S. Dist. Ct., E. D., N. Y., 1933]); Nelson v. Petterson (131 Ill. App. 443, affd. 229 Ill. 240 [1907]); Multiple Trading Corp. v. Saggese (178 Misc. 1077 [1942]); Horner v. Nerlinger (304 Misc. 225); Matter of Devereaux (150 Misc. 337, affd. 242 App. Div. 603 [1934]); Matter of Anthony (42 F. Supp. 312 [Dist. Ct., E. D., Ill., 1941]); Time Finance Co. v. Nelson (312 Ky. 255 [1950]); Francine v. Babayan (45 F. Supp. 321 [Dist. Ct., E. D., N Y., 1942]); Inter-State Motor Freight System v. Hochhauser (42 N. Y. S. 2d 479 [1943]).
A claim against the bankrupt for obtaining property by false representations is not merged in the judgment recovered upon it in such sense as to bring the judgment within the operation of the discharge where the claim would not be. (Matter of Lewensohn, 99 F. 73; Matter of Shepardson, 220 F. 186; Matter of Lewensohn, 104 F. 1006; Taylor v. Buser, 167 N. Y. S. 887; Chambers v. Kirk, 139 P. 986 [Okla.].)
Court, in proceedings on objections to bankrupt’s discharge, need not determine whether debts are dischargeable; but discharge should be granted, even if only debt scheduled is not dischargeable. (Matter of Kolsrud, 34 F. 2d 831.)
After bankrupt procures a discharge, decision as to effect of discharge upon judgment obtained against bankrupt in action for conversion is a function of court in which procedure may be taken on the judgment. (Matter of Millkofsky, 17 F. Supp. 127.)
The right of a bankrupt to a discharge, and effect thereof, are distinct matters, and whether a discharge when granted will be a bar to enforcement of a claim which comes within purview of this section will be decided in proceeding in which that claim is sought to be enforced, and is not concern of bankruptcy court. (Dick v. Dick, 11 N. J. Super. 533.)
Bankruptcy court is primarily interested in speedy settlement of bankrupt’s estate, and ordinarily should not be required to stop and hear testimony on whether various creditors have debts which are not dischargeable. (Watts v. Ellithorpe, 135 F. 2d 1 [C. A. 1st, 1943].)
*948 Creditor of bankrupt is not entitled as a matter of right to a determination of whether debt is dischargeable. Id.
In determining whether default judgment against bankrupt was dischargeable in bankruptcy, reference must be had to pleadings upon which judgment was rendered. (Matter of Minsky, 46 F. Supp. 104.)
In order for court to ascertain character of liability merged in judgment, for purpose of determining whether judgment was dischargeable in bankruptcy, recourse could be had to pleadings and findings of fact in the court in which the judgment was rendered. (Matter of Hammond, 22 F. Supp. 192, revd. on other grounds 98 F. 2d 703, cert. den. 305 U. S. 646.)
In action on notes executed by one thereafter adjudicated a bankrupt, court will look behind the notes to determine whether the nature of debt was such that it was dischargeable. (Raia v. Goldberg, 33 Ala. App. 435, cert. den. 250 Ala. 398.)
Claims arising out of bankrupt’s fraudulent conduct are not released by discharge, regardless of form of action against bankrupt or whether provable claim of fraud existed at date of bankruptcy. (Gehlen v. Patterson, 83 N. H. 328.)
In determining whether a judgment is dischargeable in bankruptcy court is not concluded by the form of the judgment, allegations of complaint, or recitals of judgment, but may review the whole record to determine the character of the act. (Matter of Riley, 266 App. Div. 160, app. dsmd. 294 N. Y. 825.)
In case of judgments against a bankrupt, a court is not concluded by the form of the action nor even by the allegations of the complaint, but may resort to the entire record to determine the character of the claim and whether it comes within this section, but in such cases a court will not go outside the record. (Personal Finance Corp. of Waterbury v. Robinson, 27 N. Y. S. 2d 6.)
In determining whether judgment was for fraud, so as to prevent its discharge in bankruptcy, court properly refused to allow judgment creditor to g’o beyond judgment record in introduction of evidence. (Rice v. Guider, 275 Misc. 14.)
Defrauded creditor has option of interposing bar to discharge, or permitting it and then asserting claim as not affected by discharge. (Matter of Weitzman, 11 F. 2d 897.)
“ The right to a discharge as set forth in Section 14 of the Bankruptcy Act, 11 U. S. C. A. § 32, and the effect of a discharge as set forth in Section 17 of the Bankruptcy Act, 11 U. S. C. A. § 35, are distinct propositions. The court of bankruptcy issues the discharge, but the effect thereof is to be *949 passed upon in the court in which it may he pleaded. Teubert v. Kessler, 3 Cir., 296 F. 472; In re Bernard, 2 Cir., 280 F. 715.” (Matter of Plow field, 49 F. Supp. 35, 36 [italics supplied].)
In Matter of Alvino (111 F. 2d 642) a stay was sought in the Federal court of an action commenced against a bankrupt in the Municipal Court. The action was predicated on a claim to recover damages for fraud in that the bankrupt had obtained money by false representations. The court held that the bankrupt was not entitled to a stay since a discharge under the Bankruptcy Act is not a release from such a claim. In denying this stay and permitting the case to continue in the Municipal Court, Judge Patterson, writing for the Circuit Court of Appeals, said (pp. 642-643):
“ The stay was proper only if the claim asserted against the bankrupt in the action in the state court was one ‘ from which a discharge would be a release.’ Bankruptcy Act, section 11, sub. a, 11 U. S. C. A. § 29, sub. a. Where the action has not been tried, the character of the claim is determined from the plaintiff’s pleading, to the exclusion of what the bankrupt may say about the claim in affidavits. In re Adler, 2 Cir., 152 F. 422; In re Northrup, D. C. N. Y., 265 F. 420; In re Gelson, D. C. N. Y., 12 F. Supp. 924, 925. Here the complaint marks the claim unmistakably as one for deceit, for obtaining money by false representation. From such a claim a discharge in bankruptcy is not a release. Bankruptcy Act, section 17, sub. a, 11 U. S. C. A. § 35, sub. a. The bankrupt was not entitled to a stay of the action. Family Small Loan Co. v. Mason, 4 Cir., 67 F. 2d 207.
“ The court below was in error in holding that the bank should have submitted proof of fraud. It did enough when it showed the court a copy of the complaint filed in the action in the state court. The order is reversed, with direction to deny the stay.”
In Time Finance Co. v. Nelson (312 Ky. 255, 256-257) the Court of Appeals of Kentucky said, in dealing with this question: 1 ‘ The court did not indicate upon what ground he sustained the demurrer, but from briefs filed it appears that the court was of the opinion that plaintiff was estopped or barred from prosecuting its action in the state court, because it had failed to raise objection to the discharge in the bankruptcy proceedings. The briefs present two questions: First, it is contended by appellant [plaintiff seeking to recover on debt] that there is no sufficient plea upon which to base estoppel. The second is whether a creditor having notice of a debtor’s proceeding in bankruptcy and failing to object to the proceeding, is barred from maintaining an action for the debt in a state court on the ground that *950 the money or property was obtained from the creditor by false representation.”
Accordingly, there is no estoppel in the State court because the creditor failed to raise objection to the discharge in the bankruptcy proceeding.
The court, continuing its opinion in the case of Time Finance Co. v. Nelson (supra, pp. 257-258) said:
“ Section 35, Title 11 U. S. C. A. Bankruptcy, provides: 1 A discharge in bankruptcy shall release a bankrupt from all of his provable debts, * * * except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations. ’ Appellee correctly says in brief that in construing the above statute much confusion has arisen, perhaps from dictum appearing in the many decisions. In Personal Finance Co. v. Hadden, 6 Cir. 142 F. 2d 896, 897, the company had filed proof of claim against the bankrupt which was allowed. Appellant then asked the court to adjudge his claim non-dischargeable on the ground that the loan had been fraudulently obtained by making a false financial statement. The referee decided that it was not incumbent upon the bankruptcy court to take jurisdiction. The district court upheld the referee, but the circuit court of appeals held that while the bankruptcy court had jurisdiction to prevent a bankrupt from relieving himself of the advantages of his discharge, exceptional circumstances must be presented before the court will exercise jurisdiction. In the course of the opinion the court said that the creditor has two remedies to pursue, ‘ (He) might have objected to the bankrupt’s discharge before it was granted * * * or, it might have brought suit * * * in an appropriate Kentucky court with an opportunity to the bankrupt to plead the discharge as a bar to the action.- See In re Devereaux, 2 Cir., 76 F. 2d 522.’
“ In Hisey v. Lewis-Gale Hospital, D. C., 27 F. Supp. 20, 26, in referring to such debts as are not released under the statute, the court said: ‘ It seems settled that a general discharge does not prevent a creditor from thereafter enforcing the liability if he can show the debt was of a non-dischargeable class. In such case, a creditor may refrain from raising in the bankruptcy court any question about the dischargeability of his debt and may sue on it in another court which will then determine whether it was dischargeable. ’ See also Devereaux v. Belsey, 296 U. S. 589, 56 S. Ct. 100, 80 L. Ed. 416.
“ In Friend v. Talcott, 228 U. S. 27, 33 S. Ct. 505, 57 L. Ed. 718, the Supreme Court held that the filing of a claim in bank *951 ruptcy based on a contract and participation in the distribution of proceeds arising from a composition with creditors, did not bar the prosecution of an action for deceit in obtaining money or property by misrepresentation. The exemption from the operation of a discharge in bankruptcy made by the Bankruptcy Act does not rest upon the theory of the exclusion of the creditors from the provisions of the Bankruptcy Act, or of the deprivation of the right to participate in the distribution, but solely on the ground that although such rights are enjoyed an exemption from the effect of the act is superadded. Discharge in bankruptcy does not bar an action for deceit in view of the distinction which the act makes between the general discharge and the right of the particular creditor to be exempted from the operation and effect of the discharge. 6 Am. Jur., Bankruptcy, sections 502-504.”
Accordingly, the Civil Court has jurisdiction of an action against a bankrupt for obtaining money or property by false pretenses even if it is included in the Bankruptcy Court petition and a discharge is obtained. Failure to oppose a discharge in Federal court is no bar herein. Interestingly enough, in Bankruptcy Court a creditor cannot file objections to prevent a debtor’s discharge under the Bankruptcy Act if the debt is owed by a nonbusiness bankrupt (for a personal obligation). Paragraph (3) of subdivision (c) of section 32 of title 11 of the United States Code provides as follows: “ The court shall grant the discharge unless satisfied that the bankrupt has (1) * * *; or (2) * * *; or (3) while engaged in business as a sole proprietor, partnership, or as an executive of a corporation, obtained for such business money or property on credit or as an extension or renewal of credit by making or publishing or causing to be made or published in any manner whatsoever a materially false statement in writing respecting his financial condition or the financial condition of such partnership or corporation”. (Italics supplied.)
In Matter of Bell (212 F. Supp. 300, 301) the court decided that under section 14 (subd. [c], par. [3]) of the Bankruptcy Act (U. S. Code, tit. 11, § 32, subd. [c], par. [3]) of this section the obtaining of money or property through the issuance of a false financial statement is no longer a ground for denial of a discharge to a non-business bankrupt, but the particular obligation incurred as a result of such false statement is nondischargeable under section 17 (subd. [a], par. [2]) of this title (U. S. Code, tit. 11, § 35, subd. [a], par. [2]).
In the case at bar there is no proof that this was other than a personal obligation and accordingly the creditor could not file *952 an objection to successfully prevent the discharge being issued by the Bankruptcy Court to the defendant. Whether the obligation is dischargeable can be determined only in the court where the action is pending to enforce payment of a debt or collection of a judgment.
A recent case wherein this issue presented itself is In the Matter of Gadansky (249 F. Supp. 114 [Dec. 1965]), in which the bankrupt sought a stay in the Federal court of the Eastern District of New York to prevent a creditor from proceeding with its action in the Civil Court of Kings County. The creditor, whose action was predicated upon fraud, failed to file a claim in the Bankruptcy Court. A stay of the Civil Court of the City of New York action was denied, and the court said (p. 115):
“ In the State court the bankrupt is free to plead his discharge and according to an array of authorities that court is bound to consider the plea and make its own determination. * * *
“ Since the 1960 amendment to Section 14(c) (3) of the Bankruptcy Act, 11 U. S. C. A. § 32(c) (3), which states that the dischargeability in bankruptcy of a non-business debtor will not be barred simply because he has been guilty of fraud with respect to any particular claim, the victimized creditor has no right to bar the debtor’s discharge and he would have no reason to enter the bankruptcy court and raise the question. The claim survives if fraudulent. Far from excluding his entry into the State court, it appears that his only opportunity to enforce his claim is in the State court. See In Re Bell, E. D. Va. 1962, 212 F. Supp. 300.”
The court further stated that a creditor should be obliged to present his claim of fraud to a bankruptcy court for adjudication at a time when that court has jurisdiction over the debtor. It is able then to thoroughly examine the bankrupt and witnesses and thus determine the issue of fraud once and for all.
This is logical and makes good sense. Jurisdiction in the Bankruptcy Court would eliminate duplication of time-consuming litigation, added expense and unnecessary inconvenience. All issues affecting the debtor would be tried and disposed of in one proceeding, by a single forum. There would be no need for multiple judicial review of the same claim in different courts. It would prevent harassment of a debtor, and a discharge would then eliminate the doubt or suspense as to the validity of any claim or debt. Above all, a discharge would really mean a discharge. However, this desirable process is prevented by the existing bankruptcy law, and, as the court so well stated in Matter of Gadansky (supra, pp. 115-116): “ This is a matter for congressional resolution and not for the courts.”
*953 The Civil Court has jurisdiction to render judgment herein. Proof has been submitted to satisfy this court that this case comes within the exception of section 17 of the Bankruptcy Act as amended (U. S. Code, tit. 11, § 35, subd. [a]) and that this debt was not dischargeable in bankruptcy. Accordingly, judgment is awarded to the plaintiff in the sum of $728.19, with interest from January 27, 1965.