Halpern, J., concurring: I. Introduction I concur with the conclusion of the majority that respondent may proceed with the collection action as determined in the notice of determination with respect to each of petitioners’ taxable years 1994, 1995, and 1998. I write separately principally to add some observations concerning what we have characterized as the “standard of review” (described infra) applicable to our jurisdiction under section 6330(d)(1) to review a section 6330 determination. II. Section 6330 Section 6330 entitles a taxpayer to notice and an opportunity for a hearing before certain lien and levy actions are taken by the Commissioner in furtherance of the collection from the taxpayer of unpaid Federal taxes. At such a required hearing (the section 6330 hearing), the Appeals officer conducting the hearing must verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1). The taxpayer requesting the section 6330 hearing may raise “any relevant issue relating to the unpaid tax or the proposed levy”. Sec. 6330(c)(2)(A). The taxpayer may also raise challenges to the existence or amount of the underlying tax liability “if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.” Sec. 6330(c)(2)(B). Following the section 6330 hearing, the Appeals officer must determine whether the collection action is to proceed, taking into account the verification the Appeals officer has made, the issues raised by the person requesting the hearing, and “whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary.” Sec. 6330(c)(3). We have jurisdiction to review such determinations where we have jurisdiction of the underlying tax liability. Sec. 6330(d)(1)(A). III. The Nature of the Hearing Before Us In Sego v. Commissioner, 114 T.C. 604, 610 (2000), we discussed the standard of review that a court is to apply in reviewing a section 6330 determination. After reviewing a portion of the legislative history relevant to the enactment of section 6330, we stated: [WJhere the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis. However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner’s administrative determination for abuse of discretion. See also Goza v. Commissioner, 114 T.C. 176, 181-183 (2000) (the same). Perhaps a more instructive way to describe the process involved when we review a section 6330 determination would be to distinguish between situations in which the taxpayer must rely on the record made before the Appeals officer and situations in which he is entitled to make a new record. In reviewing administrative determinations, a court ordinarily is limited to consideration of the decision of the agency involved and of the evidence on which it was based. United States v. Bianchi & Co., 373 U.S. 709, 714-715 (1963). Nevertheless, we have concluded that, in section 6330, Congress intended an exception to that general rule in situations where the existence or amount of the underlying tax liability was properly before the Appeals officer under section 6330(c)(2)(B) and the Appeals officer’s determination in that respect is presented to a court for review. In such situations, the court must accord the taxpayer a hearing de novo on the existence or amount of the underlying tax liability. The taxpayer may make a new record, and he is not restricted to arguing from the record made before the Appeals officer. IV. Determining the Applicability of Section 6330(c)(2)(B) In order to determine which matters are properly raised by a taxpayer under section 6330(c)(2)(B) (i.e., those matters with respect to which the reviewing court must accord the taxpayer a hearing de novo), it is necessary to review some basic provisions of chapters 63 (Assessment) and 64 (Collection) of the Internal Revenue Code. Section 6201(a) provides that the Secretary “is authorized and required to make * * * assessments of all taxes * * * imposed by this title”. Such authority extends to “all taxes determined by the taxpayer or by the Secretary” for which a return is required. Sec. 6201(a)(1). A preliminary step is required, however, hr the case of income, estate, gift, and certain excise taxes. With respect to those types of taxes, if the tax imposed exceeds the amount shown (if any) as the tax by the taxpayer on the required return, the Commissioner (acting for the Secretary) generally may not assess such deficiency without first issuing a notice of deficiency to the taxpayer and allowing the taxpayer to petition this Court for a redetermination of such deficiency. Secs. 6201(e), 6211(a), 6212, 6213(a), 6214(a), 6215(a). On the collection side, section 6303(a) provides generally that the Secretary “shall * * * after the making of an assessment of a tax * * * give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof.” When section 6330(c)(2) is read against the backdrop of the statutory provisions discussed in the preceding paragraph, it becomes apparent that the term “underlying tax liability”, as used in section 6330(c)(2)(B), means the tax (which may or may not be the correct tax) on which the Commissioner based his assessment (whether such tax is the tax shown on the taxpayer’s return or the tax determined as a result of an examination by the Commissioner), whereas the term “unpaid tax”, as used in section 6330(c)(2)(A), refers to the unpaid portion of the assessed tax (a fixed amount) that is the subject of the notice of lien or proposed levy that is part of the Commissioner’s collection function. That interpretation is consistent with the proviso in section 6330(c)(2)(B) that a taxpayer may challenge “the existence or amount of the underlying tax liability” only if the taxpayer “did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.” That is, a taxpayer may dispute the determination of the tax that formed the basis of the Commissioner’s assessment only if he did not have such an opportunity prior to assessment. To summarize, the only issues that a taxpayer may properly raise under section 6330(c)(2)(B), and therefore the only issues with respect to which the reviewing court must accord the taxpayer a hearing de novo, are issues relating to a redetermination of the tax on which the Commissioner based his assessment, provided that the petitioner did not have an opportunity to seek such a redetermination prior to assessment. All other challenges to the proposed collection action are properly raised under section 6330(c)(2)(A), and a taxpayer seeking judicial review of the Appeals officer’s disposition of any such challenge is restricted to arguing from the record made before the Appeals officer. V. The Discharge in Bankruptcy Issue Petitioners’ claim that the U.S. Bankruptcy Court for the Southern District of New York (the Bankruptcy Court) discharged them from their respective unpaid liabilities for 1994 and 1995 is not a challenge to the preassessment determination of the tax but, rather, is in the nature of an affirmative defense that petitioners could raise in any postassessment action to collect the unpaid portion of the assessed tax from them. See, e.g., First Natl. Bank v. Haymes, 268 N.Y.S.2d 820, 827 (City Civ. Ct. 1996), stating: “[W]here the bankrupt is sued upon a debt[,] a discharge in bankruptcy is a defense which must be affirmatively pleaded by him.” Such a defense is relevant to collection of the unpaid portion of the assessed tax and, thus, is appropriately raised under section 6330(c)(2)(A) (but not under section 6330(c)(2)(B)). VI. Standard of Review Where, upon appeal from a section 6330 determination, a challenge to the existence or amount of the taxpayer’s underlying tax liability (i.e., a challenge to the determination of the tax on which the Commissioner based his assessment) is properly before us, the taxpayer is entitled to a hearing de novo and may make a record, and we should decide that challenge in the same manner as we would redetermine a deficiency pursuant to section 6214. In most other instances where we are asked to review a section 6330 determination, the taxpayer will be asking us to review some exercise of discretion by the Appeals officer, such as his determination that the proposed collection action balances the need for efficient collection against the intrusiveness of the collection action. Such a review of discretionary action necessarily involves a question of what was before the Appeals officer, and we determine whether the Appeals officer abused his discretion by considering the record before him. The standard of review in such instances may, thus, be characterized as an “abuse of discretion” standard. Of course, we may be asked to review whether the Appeals officer correctly applied the law, e.g., whether he correctly interpreted some provision of section 6015, which provides relief from joint and several liability on joint returns. Whether characterized as a review for abuse of discretion or as a consideration “de novo” (of a question of law), we must reject erroneous views of the law. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990).[1] Finally, if we are asked to review whether the Appeals officer satisfied his obligation under section 6330(c)(1) to obtain verification that all legal and administrative requirements have been met, we are not presented with a matter of discretion. At the two extremes, we are presented either with a purely factual question (whether the Appeals officer did it) or a purely legal question (whether his actions were legally sufficient). VIL Conclusion In the case before us, the Appeals officer had before him the Bankruptcy Court’s discharge order (the discharge order), which, in pertinent part, provided that “the Debtor is released from all dischargeable debts.” The Appeals officer examined the pertinent provisions of the bankruptcy law (in particular, 11 U.S.C. sec. 523(a)(l)(2000)) and determined that petitioners’ 1994 and 1995 Federal income tax liabilities had not been discharged. The Appeals officer did not abuse his discretion in determining that the discharge order did not discharge petitioners’ 1994 and 1995 tax liabilities. Gerber, Beghe, and Gale, JJ., agree with this concurring opinion. As put by the Court of Appeals for the Second Circuit in the context of reviewing a discretionary action taken by the District Court for the Southern District of New York: “It is not inconsistent with the discretion standard for an appellate court to decline to honor a purported exercise of discretion which was infected by an error of law.” Abrams v. Interco, Inc., 719 F.2d 23, 28 (2d Cir. 1983).